ALLSTATE INSURANCE COMPANY ET AL., APPELLANTS, *v.* REEP, APPELLEE.

(No. 81AP-726—Decided October 19, 1982.)

*Mr. Arthur G. Wesner,* for appellants.
*Mr. Dick M. Warburton* and *Mr. Andrew S. Adams,* for appellee.

MOYER, J. This matter is before us on plaintiffs-appellants' appeal from a judgment of the Municipal Court of Franklin County dismissing the complaint of plaintiffs, Allstate Insurance Company and Paul Davis, Jr., against defendant-appellee, Jerry Reep.

The parties having agreed that defendant was liable for damages to plaintiff Davis's car and that plaintiff Allstate Insurance Company was entitled to subrogation for its cost of repairing plaintiff Davis's car, the matter was tried to the court on the question of damages only. At the conclusion of plaintiffs' evidence, the trial court found that plaintiffs had failed to sustain their burden of proving mitigation of their damages and rendered judgment for defendant.

Plaintiffs assert the following two assignments of error in support of their appeal:

"1. The Court erred in holding that an insurance company has a duty to mitigate its damages by using used parts in repairing an automobile for their insured.

"2. The Court erred in holding that the plaintiff-appellant had failed to prove damages in this case, where, by stipulation, damages as such were not an element required by the plaintiff to prove."

The assignments of error are interrelated and are considered together. The evidence in the case consisted of testimony of the wife of plaintiff Paul Davis, Jr., the owner of Paul Davis Paint Company which owned the car, who stated the car was worth $7,000 immediately before the acident, and "in really bad shape" after the accident; repair bills for $4,521.23, which included the cost of all new parts for the damaged automobile; and testimony of the adjuster for plaintiff Allstate Insurance Company that, in estimating the cost of repairing the car, he did not remember obtaining the cost of used parts and did not know to what extent the use of used parts in repairing the vehicle would have reduced the cost of the repair. The photographs of the car that were introduced as exhibits corroborate testimony that the entire front end of the car was extensively damaged.

Although defendant did not assert mitigation of damages as an affirmative defense in his answer, the defendant's primary argument at trial was that plaintiff Allstate Insurance Company should have used, or at least attempted to obtain, used parts and that, if repairs had been

made with used parts, the cost of repair would have been $2,253.95.[1]

While the usual measure of damages in a case such as this would be the difference between the fair market value of the car before and after the accident, an alternative method — the cost of repair — is an acceptable measure of damages if the cost of repair does not exceed the amount of damages that would be arrived at using the primary measure of damages. In other words, the cost of repair must not exceed the diminution in market value. Nor may the cost of repair exceed the fair market value of the property before the accident. *Newark Gardens, Inc.* v. *Royal Globe Insurance Co., Inc.* (Feb. 11, 1982), Franklin App. No. 81AP-618, unreported.

In this case there was no direct evidence tending to prove the difference in the market value before and after the accident. The only evidence was from the wife of the owner who described the condition of the car after the collision and opined that the car was worth $7,000 before the accident. However, in the case before us, evidence regarding the cost of repairs was introduced without objection in the absence of any evidence of diminution of market value. Under these circumstances, the objection to the absence of market-value evidence has been waived. *Northern Union Holdings Corp.* v. *Amber Builders, Inc.* (June 12, 1973), Franklin App. No. 73AP-47, unreported. Defendant has cited no persuasive legal authority for his assertion that plaintiff Allstate Insurance Company was required to obtain used parts to repair the Davis automobile. Plaintiff Allstate Insurance Company was entitled to a judgment for the full amount of the cost of repairs. The assignments of error are well taken and are sustained.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed and cause remanded.*

WHITESIDE, P.J., and NORRIS, J., concur.

WHITESIDE, P.J., concurring. Although I concur in the opinion and judgment, a few additional observations are pertinent.

The primary argument at the trial centered on plaintiff Allstate Insurance Company's duty to its insured under the policy with respect to the failure to obtain used parts. Implicit in the contention made by defendant was an assumption that use of used parts would have satisfied plaintiff's obligation to its insured under the policy.

Cost of repair of the damaged property is a substitute measure of damages if: (1) it mitigates rather than enhances damages computed by the difference-in-market-value test; and (2) it restores the damaged property to the same condition and same value it had before the injury.

It is the second of these conditions that is involved in this case. Both parties agree that the cost of repair meets the first condition in this case. Defendant, however, contends, and the trial court found, that the repairs must be made with used parts. Unless there is an express contractual provision requiring used parts, a party is entitled to use new parts to repair the damaged property so long as the use thereof does not enhance damages beyond the difference in market value before and after the injury. If the adverse

---

[1] Apparently the parties agreed before the trial that the issue to be determined was whether plaintiffs were required to repair the damaged car with used parts. Any objection plaintiffs may have had to defendant's failure to assert mitigation of damages as an affirmative defense has been waived.

party contends that used parts should be used in mitigation of damages, he must prove that used parts are available and that repair by use of the used parts would restore the damaged property both to the condition and to the value it had before the injury. In the absence of such proof, use of new parts is appropriate.

Here, defendant failed to present evidence proving that use of used parts would restore the damaged vehicle to both its prior condition and prior value even assuming the somewhat nebulous evidence to be sufficient on availability. Thus, the trial court erred in finding failure to mitigate since defendant did not offer sufficient evidence to permit a finding that he had proved the affirmative defense of failure to mitigate. However, the trial court specifically found insufficient evidence of availability but applied the wrong test for mitigation. In other words, even if defendant had otherwise proved his defense, the fact that plaintiffs failed to attempt to locate used parts does not excuse defendant from his failure to prove availability. To prove failure to mitigate, defendant must prove there were used parts available which plaintiffs did not attempt to use. This is not a forfeiture penalizing plaintiffs for failure to attempt to mitigate damages further.

This is not a case where mitigation would have resulted in no damage. Accordingly, even if defendant had proved the elements of the affirmative defense of failure to mitigate (*i.e.,* used parts were available and use thereof would have restored the vehicle to its prior condition and value, but plaintiffs neither used nor attempted to locate the used parts), the judgment of the trial court is in error since it ordered a forfeiture of all damages. Rather, the failure to mitigate ordinarily merely reduces the damages to the extent that they would have been reduced had there been mitigation and reach zero only where mitigation would have resulted in no damages.

The burden is upon the one raising the affirmative defense of failure to mitigate to prove what the situation would have been had there been mitigation. Thus, the failure of proof as to the amount of damages that would have occurred had used parts been used is a failure of proof upon the affirmative defense, not a failure of proof upon plaintiffs' claim; and, even if the rule were otherwise, plaintiffs would be entitled to recover the cost of the labor in making the repairs (there being no dispute as to labor), even if the cost of parts were forfeited. The proper rule is that the burden is upon the party raising the defense of failure to mitigate. Since defendant failed in his proof, judgment for plaintiffs would be appropriate. Accordingly, I concur in the opinion and judgment.