OPINION
On October 4, 1996, plaintiff-appellee, Craig Cumberland, and defendant-appellant, Jason Jodrey, were involved in a traffic accident in Georgetown, Ohio. Appellee subsequently brought suit against appellant by filing a complaint in Brown County Court. A bench trial was held on February 7, 1997.
Appellee testified at trial that he was driving westbound on Grant Street in Georgetown when appellant suddenly backed his vehicle out of an alleyway and collided with the vehicle appellee was driving. Appellee stated that the damage to his vehicle totaled $2,555.40. Appellee also testified that he incurred rental car charges of $665 as a result of the accident.
The trial court awarded appellee $500 to compensate him for the cost of repairing his vehicle. The trial court also awarded appellee $655 to compensate him for the rental car charges he incurred while his vehicle was being repaired. Appellant now appeals setting forth the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN AWARDING PLAINTIFF DAMAGES FOR REPAIRS TO HIS VEHICLE BECAUSE PLAINTIFF HAD NOT ESTABLISHED THAT THE DAMAGES COMPLAINED OF WERE PROXIMATELY CAUSED BY THE ACCIDENT.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN AWARDING RENTAL CAR EXPENSES TO PLAINTIFF WHERE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE CLAIM.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT-APPELLANT WAS THE SOLE, PRIMARY AND PROXIMATE CAUSE OF THE ACCIDENT.
In his first assignment of error, appellant contends that the trial court erred in awarding appellee $500 to compensate him for the cost of repairing his vehicle. The usual measure of damages for a vehicle involved in an automobile accident is the difference between the fair market value of the vehicle before and after the accident or, alternatively, the cost of repair if it does not exceed the diminution in the fair market value of the vehicle caused by the accident. Cox v. Fisher (Nov. 13, 1991), Auglaize App. No. 2-91-7, unreported; Thatcher v. Fisher (Aug. 30, 1990), Franklin App. No. 90AP-349, unreported. Appellant argues that the trial court should not have awarded repair costs as the measure of damages in this case because appellee did not offer any evidence of the vehicle's market value either before or after the accident.
In Allstate Ins. Co. v. Reep (1982), 7 Ohio App.3d 90, the Ohio Tenth District Court of Appeals held that a defendant waives any objection to the absence of market-value evidence on appeal where he fails to raise such an objection during the proceedings before the trial court. The court reasoned as follows:
 In this case there was no direct evidence tending to prove the difference in the market value before and after the accident. The only evidence was from the wife of the owner who described the condition of the car after the collision and opined that the car was worth $7,000 before the accident. However, in the case before us, evidence regarding the cost of repairs was introduced without objection in the absence of any evidence of diminution of market value. Under these circumstances, the objection to the absence of market-value evidence has been waived.
Id. at 96. See, also, Nationwide Insurance Co. v. I.Z. Keaton (Apr. 4, 1991), Cuyahoga App. No. 58337, unreported.
The transcript of proceedings in this case indicates that appellee did not object or otherwise call the trial court's attention to the fact that no evidence of car's market value, either before of after the accident, was presented during the proceedings below. As in Reep, we believe that appellant has waived any objection to the absence of market-value evidence under these circumstances. Therefore, we decline to reverse the trial court's judgment awarding appellee repair costs as the measure of damages in this case. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the trial court erred in awarding appellee $655 to compensate him for the car rental charges he incurred while his vehicle was being repaired. We disagree. The record shows that appellee incurred the car rental charges at issue in this case as a direct and proximate result of the accident which was caused by appellant's negligence. Accordingly, the trial court did not err in awarding appellee $655 in car rental costs.
In his third assignment of error, appellant essentially argues that the trial court's judgment is contrary to the manifest weight of the evidence. An appellate court's function when reviewing the weight of the evidence in a civil case is to examine all of the evidence offered by the parties at trial and to then determine whether there is "some competent credible evidence going to all essential elements of the case." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80; C.E. Morris v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 280. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Chemical Bank of New York v. Neman (1990), 52 Ohio St.3d 204,207-08; Burr v. Stark Cty. Bd. of Commrs. (1986),23 Ohio St.3d 69, 77.
The record indicates that appellee presented substantial, credible evidence which would allow the trial court to conclude that appellant negligently failed to yield the right of way to appellee and that appellant's negligence proximately caused the accident in this case. The record also indicates that appellee suffered damages in the amount of at least $1,155. Therefore, the trial court's judgment is not contrary to the manifest weight of the evidence. Appellant's third assignment of error is overruled and the judgment of the trial court is hereby affirmed.
KOEHLER and WALSH, JJ., concur.