OPINION
After a trial to a magistrate, and affirmance by the trial court of the magistrate's decision, Jennifer Leis, acting pro se, was awarded $190.00, representing storage fees for her automobile, which was damaged due to the negligence of Gloria Hull. Leis, again acting pro se,
appeals, claiming that the trial court erred in not awarding more damages. On appeal, Leis asserts six assignments of error, all of which implicate the failure of the trial court to award her any damages for the damage to her automobile.
 1. AS A MATTER OF LAW, THE MAGISTRATE USED AN INCORRECT AND UNDULY RESTRICTIVE THEORY OF LAW FOR DETERMINATION OF THE VALUE OF THE VEHICLE.
 2. AS A MATTER OF LAW, THE PLAINTIFF-APPELLANT WAS NOT ALLOWED TO FULLY DEVELOP HER CASE AND EVIDENCE SINCE THE MAGISTRATE INCORRECTLY DISALLOWED TESTIMONY AND EXHIBITS WHICH SHOULD HAVE BEEN ALLOWED IN EVIDENCE.
 3. AS A MATTER OF LAW, THE WEIGHT OF THE EVIDENCE RELATING TO THE VALUE OF THE VEHICLE AFTER THE ACCIDENT ESTABLISHED ITS VALUE AT $120.00.
 4. AS A FINDING OF FACT, THE WEIGHT OF THE EVIDENCE RELATING TO THE VALUE OF THE VEHICLE AFTER THE ACCIDENT ESTABLISHED ITS VALUE AT $120.00.
 5. AS A MATTER OF LAW, THE MAGISTRATE IMPROPERLY GRANTED OBJECTIONS TO EXHIBITS 6, 7, 8, 10, and 14. THE OBJECTIONS WERE NOT MADE IN A TIMELY FASHION.
 6. AS A FINDING OF FACT, THE MAGISTRATE FAILED TO USE ANY DISCRETION IN ESTABLISHING THE VALUE AFTER THE ACCIDENT.
Leis filed a small claim against Gloria Hull. Upon motion of counsel for Gloria Hull, the claim was removed to the regular civil docket. The administrator of the estate of Gloria Hull, who had died, was substituted as defendant prior to trial. After the close of the evidence and final arguments, the magistrate found that Gloria Hull had negligently collided with and damaged Leis' automobile, but that Leis had failed to prove her claim for damages occasioned by the collision. Specifically, the magistrate determined that Leis had failed to establish the cost of repair with competent evidence, and that her evidence of the post-collision fair market value of the automobile was not credible. The magistrate did award Leis $190 for storage.
Leis first contends that the magistrate utilized an incorrect and unduly restrictive measure of damages, and "required expert testimony at trial as the only form of documentation."
The appropriate measure of damages was defined in Allstate Ins. Co. v.Reep (1982), 7 Ohio App.3d 90 wherein Judge, now Chief Justice, Moyer stated:
 While the usual measure of damages in a case such as this would be the difference between the fair market value of the car before and after the accident, an alternative method — the cost of repair — is an acceptable measure of damages if the cost of repair does not exceed the amount of damages that would be arrived at using the primary measure of damages. In other words, the cost of repair must not exceed the diminution in market value. Nor may the cost of repair exceed the fair market value of the property before the accident.
The magistrate applied this measure of damages. However, the magistrate excluded Leis's documentary evidence as to cost of repair as hearsay and also, as to Exhibit 14, as settlement negotiations, and rejected her evidence of post-collision value as not credible. The magistrate did not prevent Leis, as owner of the damaged automobile, from testifying as to its post-collision value or presenting evidence on that issue.
Leis next complains that the magistrate disallowed testimony as to how she became informed as to the post-collision value of the automobile and improperly excluded exhibits. Specifically, Leis states that exhibits 6, 7, 8, 10, and 14 were improperly excluded. These exhibits are as follows: 6 is an Erie Insurance Group Auto Salvage Inventory Certification; 7 and 8 are repair estimates of two repair shops; 10 is a group of pre-collision repair bills; 14 is a tape of a statement by an Erie Insurance Group adjustor left on Leis' telephone answering machine. There was timely objection to these exhibits and, in our judgment, the magistrate properly excluded 7, 8, and 10 from evidence as hearsay. We believe that Exhibits 6 and 14 might avoid the hearsay rule by virtue of Evid.R. 801(D)(2)(d) — "a statement by (a party's) agent . . . concerning a matter within the scope of his agency. . . ." However, Hull also objected to Exhibit 14 on the basis of Evid.R. 408 — "Evidence of conduct or statements made in compromise negotiations is . . . not admissible." Exhibit 6 contains no dollar amounts as to either cost of repair or post-collision fair market value so any error in excluding it was harmless. There are no compromise negotiations on Exhibit 14 so it was not inadmissible pursuant to Evid.R. 408. However, like Exhibit 6, Exhibit 14 contains no dollar amounts as to either cost of repair or post-collision fair market value so any error in excluding it was likewise harmless.
Leis contends that there was a "state of mind" exception to the hearsay rule — Evid.R. 803(3) — but that is not so. The exception implicates the state of mind of the out of court declarant, not the state of mind of the person who claims to have acted upon the hearsay statement: here, William Johnson, who purchased Leis' automobile for $120.
Leis next contends that the magistrate erred in rejecting the evidence that the past collision value of her automobile was $120.00.
The evidence established that William Johnson was Leis' future father-in-law, that he stored her damaged vehicle for $60 per month for slightly longer than five months, and that Leis transferred title to her automobile to Johnson in exchange for a $120 credit against her storage fees.
Essentially, Leis contends that because there was no dispute as to how the $120 sales price was arrived at, the magistrate erred in not accepting it as the post-collision fair market value of the vehicle.
The magistrate explained as follows:
 She's asking for the cost to repair the vehicle; however, there has not been any evidence submitted as to the cost to repair. I understand, if you would have been in Small Claims, Mr. (sic) Leis, you would not have needed the person. All the Rules of Evidence don't apply to that. But, since you're in the Civil Division, all the Rules of Evidence do apply. So you would have needed somebody here. So I don't have that to go by.
 The other means of determining the cost to Ms. Leis' vehicle would be taking the value of the vehicle before and after the accident. I'm finding that before the accident, the value was $2,285.00, finding Ms. Leis' testimony to be credible in regard to that amount. I'm finding that when it was sold, it was sold for $120.00 to Mr. William Johnson. However, that does not establish the actual credible evidence what the vehicle was worth after the accident. He was the future father-in-law of the Plaintiff, and it appeared he was trying to help her out of a hard spot and try to save her some additional costs at that point. So I don't actually have a value that I would go by, that I would find credible, as to the value of the vehicle after the accident, so I'm unable to determine that cost.
 It is fundamental that issues of credibility are commended to the sound discretion of the fact finder — here, the magistrate and the trial court. From our review of the evidence, we cannot say that the magistrate and the trial court abused their discretion in implicitly finding that the post-collision fair market value of the car was more than $120.00, even if there was no dispute as to how that figure was reached.
The assignments of error are overruled.
The judgment will be affirmed.
BROGAN, J. and FAIN, J., concur.