OPINION
Plaintiff-appellant, Walter C. Reasoner, representing himself, appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, State Farm Mutual Automobile Insurance Company, on his claims for relief sounding in fraud and perjury.
The background of this case involves the handling of a third-party property damage claim that appellant presented to appellee for payment. On March 4, 1998, a motorist whose liability insurance coverage was provided by appellee struck the rear of a motor vehicle owned by appellant parked on West Goodale Street in Columbus, Ohio. Appellant's vehicle is a 1966 Chevrolet Impala that he has consistently characterized, throughout these and related proceedings and negotiations, as a partially restored classic. Appellee has consistently disagreed with that characterization.
After presenting his claim, appellant declined a settlement offer by appellee on behalf of its insured, taking the position that the offer was inadequate to compensate him for his loss, either in terms of the value of the vehicle or the amount necessary to repair it. Acting on his own behalf, appellant filed suit against appellee's insured in the Small Claims Division of the Franklin County Municipal Court asserting a negligence claim and damages for the $3,000 statutory limit of that court.
Crystal R. Richie, an attorney retained by appellee to defend its insured in the small claims action, filed a motion to remove the case to the regular municipal court docket. In support of the motion, Richie furnished an affidavit attesting that "a good defense to the claim exists, the grounds of which are: The Plaintiff has failed to mitigate his damages." The motion was granted and the case was assigned to a judge on the regular municipal court docket.
The parties appeared in municipal court on assigned trial dates, August 6 and September 28, 1998. No sworn testimony was presented on either date; instead, the parties informed the court that there was no issue as to liability and that only the issue of damages would be litigated. The court inquired as to the status of negotiations. Both appellant and the attorney for appellee's insured made factual representations regarding proof they possessed as to the value of the vehicle and the cost to repair it, but none of those statements were made under oath. Both parties referred to estimates obtained in preparation for trial of the car's value and expected cost to repair it. Counsel for the insured contended that the car was worth $665, according to a database of comparable model values regularly used by the insurance industry, and that the estimated cost to repair it would be $637.78. Appellant stated that the car is worth more and that he could offer proof that similar vehicles were selling at auction for up to $6,800. He also mentioned that he obtained his own repair estimate in the amount of $3,930.73. No documents to corroborate the representations of either party were introduced or admitted into evidence. While the court examined some of the documents, the trial was never commenced and no evidence was accepted.
On the second trial date, after a brief exchange on the record concerning appellant's not having hired an attorney as the court had previously suggested, the judge sua sponte dismissed appellant's complaint without prejudice and advised that he could re-file his complaint and draw another judge. Nothing in the record before this court indicates that appellant re-filed in municipal court or any other forum. The municipal court judge eventually journalized a dismissal with prejudice on March 22, 2000, after the two-year statute of limitations for actions alleging injury to personal property had expired. See R.C. 2305.10. Following the dismissal of his complaint in municipal court, appellant initiated an Ohio Department of Insurance investigation of appellee's handling of his third-party property damage claim.
On March 23, 2000, appellant filed his complaint in this case in the Franklin County Court of Common Pleas seeking compensatory and punitive damages from appellee based upon the torts of fraud and perjury. He alleged misleading and deceptive actions by appellee in both the municipal court and administrative proceedings. Specifically, appellant contended that the attorney committed fraud and perjury by attesting to the existence of a valid affirmative defense in the affidavit submitted in support of the motion to remove the action from the small claims division of the municipal court to the regular docket. Appellant also complained that the $637.78 estimate for repairs to his vehicle and the $665 valuation of the vehicle prepared by appellee in connection with the defense were false or improperly obtained and, thus, part of the alleged fraud. As an additional claim for relief, appellant characterized as misleading certain responses submitted to the Ohio Department of Insurance by a division manager employed by appellee. From our review of the entire record, although not clear from the complaint itself, appellant contended that appellee possessed, but did not disclose, two estimates for repair that were prepared earlier than the $637.78 estimate and were higher than that estimate.
Appellee moved for summary judgment. The trial court granted the motion on the grounds that: (1) perjury is not a recognized, compensable civil claim for relief under Ohio law; and (2) appellee was entitled to judgment as a matter of law on the fraud claim because of the absence of a genuine issue of material fact in relation to two elements of fraud, that appellant relied upon the fraudulent statements averred and that he suffered damages as the result of his reliance.
Appellant presents three assignments of error for our review, as follows:
First Assignment of Error
 The trial court erred in failing to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment.
Second Assignment of Error
 In rendering its decision, and granting Defendant State Farm summary judgment, the trial court erred in relying upon that which is not properly considered evidence under Civ.R. 56(C).
Third Assignment of Error
 The trial court erred in finding that there were no genuine issues of fact, and in denying Plaintiff-Appellant his right to a jury trial.
In support of his first assignment of error, appellant argues that the trial court did not fully consider the evidence properly presented to it, particularly his complaint and two affidavits by Richie, in deciding appellee's motion for summary judgment. He suggests the statement in her February 5, 2001 affidavit that "[t]he defense of failure to mitigate damages was based in primary part upon the fact that the Plaintiff appeared to be attempting to recover costs of repair damages exceeding $3,000 when the value of his vehicle was far less than that amount," is merely her opinion and conflicts with the statement in her June 3, 1998 affidavit that "[t]he Plaintiff has failed to mitigate his damages regarding his loss of property that resulted from a motor vehicle accident on April [sic] 4, 1998." Appellant argues that the conflict requires us to conclude that the first affidavit was false.
By his second assignment of error, appellant asserts that the trial court relied upon materials outside the scope of those permitted by Civ.R. 56(C), taking exception to the trial court's reference in its decision to "statements" rather than "affidavits." Appellant also insists that the trial court's citation in its decision to the same case law relied upon by appellee in its memoranda requires the conclusion that the court improperly considered the memoranda as evidence.
In his third assignment of error, appellant urges that the trial court was incorrect in deciding that no genuine issue of material fact remains to be litigated and that by granting summary judgment wrongfully deprived him of his right to trial by jury.
Portions of appellant's brief and his memorandum, submitted to the trial court in opposition to appellee's motion for summary judgment, address the manner in which the municipal court proceedings were conducted. In his brief, appellant argues "whether Defendant was entitled to have Plaintiff's case transferred from Small Claims Court to the regular docket of the Franklin County Municipal Court" is a material issue of fact to be decided.[1] Appellant also raises a number of irrelevant, unnecessary factual disputes, such as whether or not the municipal court should have deemed his proof of the value of his car, a copy of "Old Cars Price Guide" to be admissible evidence. Those issues are not before this court, and the existence of those kinds of factual issues does not preclude the granting of summary judgment. Rucci v. T.C. Quality Homes, Inc. (May 15, 2001), Mahoning App. No. 98-CA-91, unreported, at 13. The municipal court case, itself, is not subject of this appeal, nor is the administrative inquiry by the Ohio Department of Insurance. We have no authority to review those proceedings because we cannot consider matters outside the record of the immediate appeal. In the Matter of Estate of Joseph Lewis (Nov. 19, 2001), Lawrence App. No. 00CA38, unreported, at 9, citing Presidential Estate Condo Assn. v. Slabochova (Mar. 28, 2001), Mahoning App. No. 99-C.A.-126, unreported, at 7.
When an appellate court reviews a case that was concluded at the trial level by summary judgment, it does so de novo, applying the same standards as required of the trial court. Ryberg v. Allstate Insurance Co. (July 12, 2001), Franklin App. No. 00AP-1243, unreported, at 4. The review must be undertaken independently and without deference to the lower court's determination. Al-Najjar v. R S Imports, Inc. (Aug. 29, 2000), Franklin App. No. 99AP-1391, unreported, at 6. Where the decision as to whether or not the court properly granted summary judgment involves only questions of law, a reviewing court has complete and independent authority and, thus, also considers the question de novo. American Motorists Ins. Co. v. Olin Hunt Specialty Products, Inc. (Sept. 20, 2001), Franklin App. No. 00AP-1313, unreported, at 5, citing Village of Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
Whether or not appellant can recover on his allegations of perjury is an issue that only involves a question of law. In Ohio, allegations constituting perjury, subornation of perjury and conspiracy to commit perjury, all of which, if proved, may be punishable under criminal statutes, are not recognized for public policy reasons as bases for civil lawsuits. Costell v. Toledo Hospital (1988), 38 Ohio St.3d 221,223-224; and Schmidt v. State Aerial Farm Statistics, Inc. (1978),62 Ohio App.2d 48, 51. As a matter of law, appellee is entitled to summary judgment in respect of the claimed tort of perjury. "[S]ummary judgment may be rendered where the pleadings and the arguments of the party seeking summary judgment clearly establish that the nonmoving party has no legally cognizable cause of action." Dresher v. Burt (1996),75 Ohio St.3d 280, 297-298. The trial court correctly decided that issue.
Appellant's first and second assignments of error require discussion of what evidence of record is competent Civ.R. 56(C) evidence. Civ.R. 56(C) provides, in pertinent part, as follows:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. * * *
Material facts are those facts that might affect the outcome of the suit under governing case law. Kornowski v. Chester Properties, Inc. (June 30, 2000), Geauga App. No. 99-G-2221, unreported, at 5, citing Turner v. Turner (1993), 67 Ohio St.3d 337, 340. Substantive law establishes what facts are material facts, and the presence of irrelevant, unnecessary factual disputes will not preclude the granting of summary judgment. Rucci, supra, at 13. To determine what constitutes a genuine issue, the court must decide if the evidence, properly presented, reveals sufficient disagreement to require submission to the trier of fact, or if it is so one-sided that one party must prevail as a matter of law. Id.
In support of its motion for summary judgment, appellee furnished the February 5, 2001 affidavit of Crystal R. Richie, the attorney who represented its insured in municipal court. The affidavit describes her actions in defending appellee's insured and explains the basis of her statement in her June 3, 1998 affidavit attesting to the existence of a valid affirmative defense. She attests to having observed appellant contest her representations on behalf of her client as to the value of appellant's vehicle and the cost to repair it, relying instead on his own estimate and proof of value.
Richie's affidavit also identifies photographs, accompanying the motion for summary judgment, of appellant's 1966 Chevrolet Impala. However, it does not expressly incorporate the photographs and it does not otherwise establish a foundation for their admissibility. The attachments that include the photographs contain unverified descriptive notes, the reliability and accuracy of which are not confirmed in the affidavit. The affidavit itself is appropriate for our consideration under the quoted language of Civ.R. 56(C), but the accompanying photographs are not.
Appellee attached copies of transcripts of the municipal court proceedings of August 6 and September 28, 1998, to its motion. While neither includes any sworn testimony, the assigned official court reporters certified both as being "true, correct and complete" transcriptions of the respective proceedings. Therefore, we consider the transcripts to be permissible Civ.R. 56(C) evidence in the proceedings. Moreover, both parties submitted portions of these transcripts in support of their memoranda arguing the merits of the motion for summary judgment.
Appellee also submitted copies of various pleadings from the municipal court proceedings in support of its motion for summary judgment. These include a copy of the small claims complaint and the motion for transfer to the general division of the municipal court supported by the affidavit that appellant contends was fraudulent, as well as an entry granting the motion and the dismissal entry of March 22, 2000. The copies of pleadings are time-stamped, but they are not certified copies as required by Civ.R. 44(A)(1). Nonetheless, copies of the municipal court dismissal entries of October 26, 1998 and March 22, 2000, are attested to as being true and accurate copies in a supplemental affidavit provided by Richie. As such, the copies of the dismissal entries, although of marginal relevance, are appropriate Civ.R. 56(C) evidence by virtue of Evid.R. 901(B)(7), which provides an alternate method of authenticating public records. The copies of the other municipal court pleadings, with the exception of Richie's affidavit in support of the motion to transfer, are not acceptable for consideration under Civ.R. 56(C).
Discovery in this case was limited to one set of interrogatories, propounded by appellant, the responses to which were prepared by the attorney for appellee. The responses are not made under oath by an officer of the appellee corporation, as anticipated by Civ.R. 34. Further, many of the answers to interrogatories relate only to appellee's assertion of affirmative defenses and consist of citations to authority and statements of legal principles. Finally, the responses include reference to multiple estimates for repair collectively attached as a single exhibit, but the copy of the answers to interrogatories filed in the record does not include all of the documents mentioned. For these reasons, we do not view the interrogatories to have been presented in a form that permits this court to consider them. See Felix v. Aquameter, Inc. (Nov. 8, 2001), Franklin App. No. 01AP-540, unreported, at 7-8; and Seringetti Constr. Co. v. Cincinnati (1988), 51 Ohio App.3d 1, 9.
At the trial level, appellant filed both a memorandum contra appellee's motion for leave to file its motion for summary judgment and a memorandum contra the motion itself. Appellant argued the merits of the motion for summary judgment in both memoranda and attached exhibits to both. We will consider both memoranda in our de novo review. Neither is accompanied by an affidavit. Appellant did furnish copies of both of the affidavits by Richie and of the transcripts of the municipal court proceedings in support of his memoranda. For the reasons developed above, it is proper under Civ.R. 56(C) for this court to review those materials.
Appellant also attached copies of the following to his memorandum contra appellee's motion for leave: (1) a handwritten estimate for $637.78, dated July 10, 1998, and signed by K. R. Jones; (2) a letter on Ohio Department of Insurance stationary, dated July 1, 1999, and signed by Suzette Dave; and (3) an ADP/Autosource Exception Valuation, dated July 1, 1998, and addressed to the Claims Department, State Farm Insurance. While appellant referred to these documents in his memoranda, none of them was incorporated into an affidavit attesting to their authenticity and accuracy. Nor was the content of these documents explained or otherwise qualified as competent Civ.R. 56(C) evidence. The estimate and the valuation can be considered only because appellee admitted preparing those documents in its answer and their authenticity is not at issue. By contrast, the letter from the Ohio Department of Insurance cannot be considered. It is hearsay.
Similarly, references by appellant, throughout the memoranda he submitted to the trial court, to numerous additional items of correspondence and other documents that he has acquired as proof of fraud cannot be considered. See Hurley v. West American Ins. (May 7, 1987), Franklin App. No. 86AP-345, unreported, at 11-12. The additional correspondence and documentation referred to was not presented to the trial court in any form.
In its written decision of March 29, 2001,[2] the trial court outlined the allegations contained in appellant's complaint, then briefly summarized the arguments of both parties as set forth in their respective memoranda relating to the motion for summary judgment. The court recited that its decision was made "[a]fter careful review of the foregoing motion, submitted memoranda, permissible evidence and relevant law." We find nothing in the decision or in the record properly before this court to contradict that recital or to otherwise affirmatively show that the trial court failed to thoroughly examine the evidentiary materials properly presented to it.
From our own independent review of the record, including the trial court's summary of appellant's allegations, it is clear that the trial court did consider the complaint in rendering its decision. It is equally clear that the trial court considered the affidavits of Richie, submitted as evidence by both parties. The first such affidavit contains the statement that appellant contends is fraudulent. The second contains the primary evidence of appellant's non-reliance, the basis for the trial court's ruling relative to the fraud claim. Contrary to appellant's contention, we do not find the two affidavits to be inconsistent. For these reasons, the first assignment of error is without merit and is overruled.
Similarly, there is no clear indication from the record that the trial court considered matters outside the restrictions of Civ.R. 56(C) in rendering its decision. We find no merit in the argument by appellant that suggests the consideration by the court of relevant legal authority cited by appellee is inappropriate. See Schlesselman v. Grange Mutual Ins. Co. (Oct. 1, 2001), Licking App. No. 01CA00050, unreported, at 6. A court has the singular responsibility to determine the law to apply, and the briefs or memoranda of the parties are among the resources available to it in reaching that decision. We also attach no significance to the court's reference to "statements" rather than "affidavits" as an indication of the materials it relied upon in deciding the merits of appellee's motion for summary judgment. Appellant's second assignment of error is also overruled.
Summary judgment is appropriate, pursuant to Civ.R. 56, where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party. Ryberg, supra, at 4, citing Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629. The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of one or more of the nonmoving party's claims for relief. Christensen v. Ohio Mulch Supply, Inc. (Aug. 13, 2001), Franklin App. No. 00AP-1036, unreported, at 7; and Al-Najjar, at 7, citing Dresher, supra, at 292.
If the moving party satisfies this initial burden by presenting or identifying appropriate Civ.R. 56(C) evidence, the nonmoving party must then present similarly appropriate evidence to rebut the motion with a showing that a genuine issue of material fact must be preserved for trial. Id., citing Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1,2. The nonmoving party does not need to try the case at this juncture, but its burden is to produce more than a scintilla of evidence in support of its claims. McBroom v. Columbia Gas of Ohio, Inc. (June 28, 2001), Franklin App. No. 00AP-1110, unreported, at 3. The non-moving party may not merely rely on the allegations in his pleadings or simply re-state and re-argue those allegations in order to avoid summary judgment being entered against him. Swedlow, Butler, Levine, Lewis Dye Co., L.P.A. v. Gabelman (July 14, 1998), Franklin App. No. 97APG12-1578, unreported, at 8.
Common law fraud must be pleaded with particularity under Civ.R. 9(B), a rule that places a higher burden than is normally required upon the person asserting such a claim to support general allegations with specific facts. Carter-Jones Lumber Co. v. Denune (1999), 132 Ohio App.3d 430,433. The particularity required includes "the time, place and content of the false representation, the fact misrepresented, and the nature of what was obtained or given as a consequence of the fraud." Id., quoting Baker v. Conlan (1990), 66 Ohio App.3d 454, 458.
Six elements must be proved to establish a claim of fraud: (1) a representation or, where there is a duty to disclose, concealment of fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent to mislead another into relying upon it; (5) with justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. Banks v. Nationwide Mutual Fire Ins. Co. (Nov. 28, 2000), Franklin App. No. 99AP-1413, unreported, at 9-10, citing Burr v. Stark County Bd. of Commrs. (1986), 23 Ohio St.3d 69, 73. The failure to prove any one of these elements is fatal to a plaintiff's case. Conley v. Willis (June 14, 2001), Scioto App. No. 00CA2746, unreported, at 12. Where the pleadings and evidence submitted clearly fail to support a claim for fraud, summary judgment is a proper form of relief in favor of the party against whom the claim is asserted. Id. at 14.
The averments in the complaint relating to statements by the division manager employed by appellee in response to an inquiry from the Ohio Department of Insurance are general allegations that the employee gave misleading information in letters, dated October 28, 1998, and March 30, 1999. One of the often-cited reasons for requiring particularity in averments of fraud is "to give the defendant notice of that of which the plaintiff complains, so that an effective response and defense may be prepared." Hancock v. Longo (Oct. 14, 1999), Franklin App. No. 98AP-1518, unreported, at 18. Where, as here, an allegedly fraudulent act is not pleaded with the requisite particularity as to the content of the false representation, the fact misrepresented and the nature of what was obtained or given as a consequence of the fraud, a general denial of the fraudulent act by a defendant seeking summary judgment is adequate to require the plaintiff to come forward with appropriate evidence that a genuine issue of material fact actually exists in relation to the fraud claim.
After reviewing the evidence proper for our consideration and relating to the fraud claims most strongly in appellant's favor, we conclude that appellee has sustained its burden to produce sufficient evidence so as to require appellant to show by evidence of his own, not mere allegations, that appellee is not entitled to summary judgment. Appellee has informed the court of the bases of its motion by citing the applicable case law that defines the elements of a fraud and by pointing to portions of the transcript of the municipal court proceedings as evidence that appellant had his own proof and opinion as to the value of the vehicle and the cost to repair it. The transcript excerpts are supportive of the argument that appellant did not rely on any representations by appellee, whether accurate or not, as to the value of the automobile or the cost to repair it. Those excerpts also support the reasonable inference that, because he did not rely upon any statements by appellee, appellant suffered no damages as the proximate cause of any such reliance.
The affidavit by Richie explains her basis for asserting failure to mitigate damages as an affirmative defense on her client's behalf in municipal court and that she planned to present at trial, through expert testimony, evidence of the value and cost of repairing appellant's car. This evidence suffices to shift the burden to appellant to produce evidence that the statement made by Richie in her original affidavit in support of removal from the small claims division was false. See Conley, supra, at 19. Contrary to appellant's argument, it is not necessary in this case for appellee to fully prove the affirmative defense pleaded on behalf of its insured in a separate action.[3] It is sufficient for the purpose of shifting the burden of production that appellee offer proof that the affirmative defense was asserted in good faith.
Appellant's response to the motion for summary judgment consists of the arguments set forth in his memoranda opposing leave to file motion and opposing the motion itself. As discussed above, the evidence appropriate for our consideration that appellant offers is limited to the two affidavits of Richie and the transcripts of the municipal court proceedings. Appellant's memoranda include references to documents and items of correspondence that he has not produced for this court's consideration and did not present at the trial level. Although appellant had the opportunity to authenticate those materials by incorporating them into a properly framed affidavit, he did not. See Ryan v. Jones (Oct. 26, 1993), Franklin App. No. 93AP-892, unreported, at 6.
Appellant's argument that appellee must disprove each and every allegation in the complaint in order to prevail on a motion for summary judgment is not correct under Ohio law. The Ohio Supreme Court stated, "there is simply no requirement that a party who moves for summary judgment must support the motion with affidavits negating the opponents claims." Dresher, supra, at 291-292.
While appellant expands his allegations in his memoranda, they are not supported by evidence of the kind required to establish that genuine issues of material fact remain to be litigated. For example, appellant argues that appellee prepared multiple estimates of the cost to repair appellant's vehicle and withheld the higher estimates from him and from the Ohio Department of Insurance. He suggests that the existence of the two higher estimates requires us to conclude that the $637.78 estimate is invalid, or false. We do not concur with his reasoning.
Appellant failed to qualify the other estimates for consideration pursuant to Civ.R. 56(C). They were not properly presented to the trial court and are not properly before this court. Even if they could be considered, the existence of multiple estimates does not, by itself, lead to a reasonable inference that any among them is false or misleading. The one estimate appropriate for our consideration, the $637.78 estimate, calls for replacing the rear bumper and tail pipe, and repairing the deck lid and rear left side quarter panel of the vehicle. We have no basis for knowing what parts or labor might have been included in the higher estimates appellant claims were withheld. Because appellant furnished no evidentiary basis for inferring that the $637.78 estimate is incomplete or false, we will not make that inference.
Further, it was reasonable for both parties to have prepared, in anticipation of trial in municipal court, their own estimates of not only the value of appellant's vehicle, but also of the cost to repair it. Generally, the owner of a damaged motor vehicle may recover the difference between its market value immediately before and immediately after the collision. Walls v. Wildermuth (Nov. 19, 1998), Franklin App. No. 98AP-400, unreported, at 2. An alternate approach to the measure of damages is the reasonable cost of repairing the motor vehicle, provided such recovery does not exceed the difference between the fair market value of the motor vehicle immediately before and after the collision. Falter v. Toledo (1959), 169 Ohio St. 238, paragraph two of the syllabus; Allstate Ins. Co. v. Reep (1982), 7 Ohio App.3d 90, 91. Under the alternate approach, the owner of a damaged motor vehicle must still present proof that the cost of repair does not exceed the value of the vehicle immediately before the event that caused the damage to be repaired. Auto Owners Ins. Co. v. Santilli (Jan. 23, 1996), Franklin App. No 95APG06-771, unreported, at 6-7, following Allstate v. Reep, supra. Proof of both value and cost of repair is required.
The disparity between the evidence of value and cost of repair prepared by the respective parties may have been presented to the municipal court with genuine issues to decide, but that disparity does not have the same effect in this case. The material facts here are the truth or falsity of the statements complained of; whether or not appellant relied upon those statements and whether or not he suffered damages as the result of the reliance.
Appellant has not presented any evidence that he relied upon any of the statements he attributes to appellee and asserts were false, misleading or otherwise fraudulent. Indeed, he does not even argue in his memoranda or brief that he relied upon the allegedly fraudulent statements. Appellant contends, instead, that he was harmed because the Ohio Department of Insurance did not fully address the issues he sought to have reviewed due to the department's reliance on evasive, misleading information furnished by appellee's division manager. He reasons in a separate filing[4] that, because the Ohio Department of Insurance investigation was commenced at his request, the reliance by the agency on allegedly misleading information resulted in harm to him.
Appellant also claims in the same separate filing to have relied to his detriment upon the allegedly false affidavit by Richie because her assertion of a failure to mitigate affirmative defense in the municipal court case forced him to prepare evidence of the cost to repair his vehicle and not focus on its diminution in value as the result of the collision that was the subject of that case. Additionally, appellant suggests that he was harmed because his original small claims action was improperly removed to the regular docket on the basis of Richie's affidavit. Finally, appellant claims he was harmed because he spent time and money pursuing true facts that had been concealed by the evasiveness of appellee.[5]
None of these arguments satisfies appellant's burden as the nonmoving party to present or identify appropriate Civ.R. 56(C) evidence to rebut appellee's motion with a showing that any genuine issue of material fact must be preserved for trial. Appellant has failed to present evidence that he relied upon the statements he alleges are fraudulent. Absent evidence that he justifiably relied upon any representation or concealment by appellee, there can be no resulting injury proximately caused by the reliance. Both reliance and a resulting injury are required elements of fraud. Because appellant failed to sustain his burden in respect of those elements, appellee is entitled as a matter of law to summary judgment on the fraud claim. The trial court did not err by rendering judgment accordingly. Appellant's third assignment of error is without merit and we overrule it.
Because we have overruled all three assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and LAZARUS, JJ., concur.
[1] Loc.R. 11.02 of the Franklin County Municipal Court requires removal to the regular docket upon the request of either party at least five days prior to the assigned small claims division trial date. Removal is within the discretion of the magistrate assigned to the case only if the request is made less than five days prior to the assigned trial date. Under the provisions of Loc.R. 11.02, the party requesting removal does not need to show grounds, by affidavit or otherwise, in support of removal.
[2] A judgment entry based upon the decision was signed April 25, 2001, and journalized April 27, 2001.
[3] Appellant's argument that appellee is required to prove its affirmative defense in the municipal court case in order to prevail on its motion for summary judgment in the case sub judice appears to be mistakenly grounded upon the observation made by a former judge of this court in a concurring opinion to the effect that the burden of proof at trial is upon the party raising the affirmative defense of failure to mitigate damages to prove the elements of the defense, that is, what the circumstances would have been had there been mitigation. Allstate Ins. Co. v. Reep (1982), 7 Ohio App.3d 90, 92 (concurring opinion by Whiteside, J.). Application of that rule may have been correct in the original municipal court case, but this court is not reviewing that proceeding.
[4] Plaintiff's Amended Final Pretrial Statement, filed in the Franklin County Common Pleas Court on March 12, 2001.
[5] See, fn. 4.