DECISION AND JOURNAL ENTRY
{¶ 1} This is an appeal from the findings of fact and conclusions of law of the Akron Municipal Court in a bench trial arising from an automobile accident. For the following reasons, the trial court's determination of damages is reversed except for the costs of the rental car.
 I. {¶ 2} The facts in this case are not disputed. On October 24, 2002, Mary Harvey, the daughter of appellee, was involved in an accident with appellant Jason Howard. Ms. Harvey was driving her father's leased automobile which was insured by appellee Erie Insurance Co. ("Erie").
 {¶ 3} After the accident, appellee Harvey had the leased automobile repaired at Fred Martin Chevrolet ("Fred Martin"). Erie paid appellee the sum of $4,710.48 which represented the costs of repairs and the partial costs of a rental car. Appellee had out-of-pocket costs of $350.07 which represented his deductible plus out-of-pocket costs for the rental car. Together the costs for the damages was $5,067.49. Appellees brought suit in Akron Municipal Court to determine liability and assess damages. The court found that appellant was liable for the accident. Appellees presented evidence regarding the repair costs for the automobile and appellee Harvey's out-of-pocket costs. The court assessed damages against appellant in the amount of $5,067.49, the costs of repairs and car rental. In so holding, the court held that the fair market value is the primary method of calculating damages. When there is no evidence regarding the fair market value, then the cost of repair may be used as a secondary method. The court found that appellees presented credible evidence of damages in the amount of $5,067.49. Appellant appeals the court's finding on damages.
 II. ASSIGNMENT OF ERROR I.
"The trial court erred as a matter of law in applying an incorrect measure of damages by holding that the plaintiff in an automobile accident need only present evidence of the cost of repairs, rather than requiring the plaintiff to present evidence of the diminution in fair market value of the vehicle from immediately prior to and immediately after the accident, or in the alternative, requiring the plaintiff to prove the reasonable cost of repairs, not to exceed either (i) the diminution in market value caused by the accident, or (ii) the market value of the car prior to the accident."
 {¶ 4} The Akron Municipal Court was correct that the law in Ohio regarding damages recoverable for automobiles is the difference in the fair market value of the automobile immediately before and after the accident. Hayes Freight Lines, Inc. v.Tarver (1947), 148 Ohio St. 82, 84. This is the preferred method of computing damages.[1]
 {¶ 5} However, there is an alternative method of computing damages based on cost of repairs. In Allstate Ins. Co. v. Reep
(1982), 7 Ohio App.3d 90, 91, the Tenth District stated:
"While the usual measure of damages in a case such as this would be the difference between the fair market value of the car before and after the accident, an alternative method — the cost of repair — is an acceptable measure of damages if the cost of repair does not exceed the amount of damages that would be arrived at using the primary measure of damages. In other words, the cost of repair must not exceed the diminution in market value. Nor may the cost of repair exceed the fair market value of the property before the accident."
 {¶ 6} In this case, the parties disagree about whether appellees may simply introduce repair evidence without any evidence regarding the diminution of the fair market value of the automobile. This Court finds that the law in Ohio requires some evidence of the diminution of value even when repair costs are used as the measure of damages. See Reep, 7 Ohio App.3d 90;Ehrich v. Eldridge (Sept. 20, 1995), 9th Dist. No. 17089. Appellees argue that even if diminution evidence is required, it was produced at trial through the exhibits and witnesses.
 {¶ 7} This Court in considering the municipal court's finding applies a sufficiency standard in determining whether the damages judgment can be upheld. Ehrich, 9th Dist. No. 17089. This Court will not reverse for insufficiency of the evidence if there is some competent, credible evidence going to all the essential elements. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St 2d. 279, syllabus.
 {¶ 8} Applying this standard to the evidence produced at the bench trial, this Court finds there was no evidence produced regarding diminution in the fair market value of the automobile. Appellees produced the lease and title to the automobile to establish its preaccident value. This evidence was over a year old and cannot be considered in determining the value of the automobile immediately prior to the accident as required byAllstate. Appellees alternately urge this Court to simply amortize the depreciation from the date the lease was signed through the end of the lease, apply the depreciation to the time the automobile was leased before the accident, and thereby determine the automobile's fair market value at the time of the accident. This is not a proper method of computation. Fair market value is the price a willing buyer would pay to a willing seller.Welsh v. Yoshida (April 19, 2002), 11th Dist. No. 2001-L-033. A lease contract does not fall within that definition. The automobile's value at the beginning or at the end of the lease term may or may not reflect fair market value, depending on how the lease is structured, the payments required during the lease terms, the miles driven, the length of the lease, the condition the automobile is returned, etc. The very manner in which a lease is structured prevents its use in determining fair market value.
 {¶ 9} Further, there was no evidence regarding the value of the automobile post-accident. The sole evidence before the municipal court was repair costs.
 {¶ 10} Repair costs alone have been permitted to be used as evidence of damages if the defendant does not object. Reep,7 Ohio App.3d at 91; Welsh, 11th Dist. No 2001-L-033. In this case, appellant did object. Appellant moved to dismiss the case because appellees failed to present any evidence of diminution of fair market value and raised the same issue in the closing argument. The argument was not waived.
 III. {¶ 11} Based on the absence of any evidence in the record regarding the diminution in the value of the automobile caused by the accident, the municipal court had no basis upon which to assess damages in the amount of $5,067.49. The Akron Municipal Court judgment is reversed.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
Exceptions.
Batchelder, J., Boyle, J., concur.
[1] The municipal court also awarded damages for the cost of the rental car. Neither party has appealed this award.