OPINION
{¶ 1} Plaintiff-Appellant, Jeffrey L. Freeman, appeals the judgment of the Findlay Municipal Court, Small Claims Division, awarding him a judgment of one thousand five hundred fifty dollars and zero cents against Defendant-Appellee, Melissa A. Blosser, as a result of a traffic accident between him and Blosser. On appeal, Freeman asserts that the trial court erred in determining the amount of damages and that he should be entitled to the full cost of repairs to his vehicle instead of his vehicle's fair market value. Finding that the trial court did not err in its judgment, we affirm the judgment of the trial court.
 {¶ 2} On or about February 16, 2004, Blosser drove her motor vehicle into the right side of Freeman's 1988 Oldsmobile Cutlass Supreme (hereinafter referred to as "Freeman's vehicle"), causing damage to his car.
 {¶ 3} In November 2005, Freeman filed a claim in the Findlay Municipal Court's Small Claims Division praying for approximately $3,000 in damages. Subsequently, a hearing before a magistrate was held.
 {¶ 4} At the magistrate's hearing, the parties did not dispute that Blosser was liable for the damage to Freeman's vehicle. However, the parties did dispute the amount of damages, if any, to which Freeman was entitled. Freeman testified that he obtained two quotes to repair Freeman's vehicle. The first was approximately $1,916 from Wingate Body Shop and the second was approximately $1,483 from Car Craft Collision. Both Wingate Body Shop and Car Craft Collision are located in Findlay, Ohio.
 {¶ 5} Freeman also testified that Freeman's vehicle had approximately 120,000 miles on it at the time of the collision. Additionally, Freeman testified that Freeman's vehicle was operational after the accident and that he drove it to court on the evening of the hearing.
 {¶ 6} Blosser offered the testimony of Nancy Houdeshell, an adjuster with American Family Insurance,[1] who was assigned to Freeman's claim. Ms. Houdeshell testified that she prepared an estimate in March of 2005. Ms. Houdeshell continued that her estimate to repair Freeman's vehicle was for $1,606.09 and included a declaration that Freeman's vehicle was a total loss. Additionally, Ms. Houdeshell testified that she ran an Autosource Valuation,[2] which compared Freeman's vehicle with comparable vehicles in the Findlay area. According to the Autosource Valuation, the suggested retail market value of Freeman's vehicle was $1,550. Ms. Houdeshell also testified that American Family Insurance offered Freeman $1,654.63 to settle his claim, but Freeman refused the offer.
 {¶ 7} On January 3, 2006, the Magistrate issued his report. In his report, the Magistrate stated that "the Autosource Valuation is reasonable and represents the worth of [Freeman's vehicle]." (Magistrate's Decision p. 2). Additionally, the Magistrate recommended that Freeman "be awarded Judgment against [Blosser] in the sum of One Thousand Five Hundred Fifty Dollars ($1,550.00), with interest thereon at five percent (5%) from December 27, 2005 and for his Court costs expended herein." (Magistrate's Decision p. 2). Further, the Magistrate recommended that Freeman retain the title of Freeman's vehicle.
 {¶ 8} On January 11, 2006, Freeman objected to the Magistrate's report.
 {¶ 9} On January 24, 2006, the trial court overruled Freeman's objections and adopted the Magistrate's recommendations.
 {¶ 10} Freeman appeals this judgment, presenting the following assignments of error for our review:
 Assignment of Error I The Appellant alleges, the Appellee failed to producecompetent and/or probative evidence that the vehicle in questionwas beyond repair to the point it's legally considered to besalvage. At the Magistrates (Sic.) hearing the appellee's onlyargument was the vehicle in question has only a salvage value.The Magistrate's court erroneously rejected the Appellant'sargument to award him full cost to repair the vehicle to thestatus it was prior to the appellee colliding into Appellant'svehicle.
 Assignment of Error II The Appellant alleges, the Appellee is liable for the completerepair, which embraces the State of Ohios (Sic.) motor vehicleliability doctrine, whereas, the vehicle is still operativeexcept for non use of the damaged area of the vehicles (Sic.)right side caused by the appellee. At the magistrates (Sic.)court hearing the court erroneously rejected the Appellant'sdoctrine of liability, where this case is based on liabilityresponsibility, which the Appellant brought to court as apertinent exhibit also and the Municipal court affirmed themagistrates (Sic.) report.
 Assignments of Error I II {¶ 11} In his first assignment of error, Freeman argues that the trial court erred in rejecting his argument to award him the full cost to repair Freeman's vehicle to the condition it was in prior to the accident. In his second assignment of error, Freeman argues that the trial court erred in rejecting his doctrine of liability and that he should recover from Blosser damages in the amount that it would cost to completely repair Freeman's vehicle. Based on the nature of these assignments of error, we choose to address them together.
 {¶ 12} The rule for determining the amount of damage to an automobile in Ohio is set out in Falter v. Toledo (1959),169 Ohio St. 238, 240. The rule provides that the owner of the damaged vehicle may recover the difference between its market value immediately before and immediately after the accident, or he may prove and recover the reasonable cost of repairs provided that the cost of the repairs "does not exceed either the diminution in market value or the fair market value of the vehicle" before the damage was inflicted. Allstate Ins. Co. v.Reep (1982), 7 Ohio App.3d 90, 91.
 {¶ 13} Accordingly, if the value of Freeman's vehicle exceeded the cost of repairs, Freeman would be entitled to the cost of repairs. However, if the value of Freeman's vehicle was less than the cost of repairs, Freeman would be entitled to the value of his vehicle. Therefore, the trial court needed to determine the value of Freeman's vehicle.
 {¶ 14} In Ohio, the owner of either real or personal property is, by virtue of such ownership, competent to testify as to the market value of the property. Crawford v. Rinkes, 7th Dist. No. 870, 2002-Ohio-5247, at ¶ 14, citing Walser v. Dominion Homes,Inc. (June 1, 2001), 5th Dist. No. 00-CA-G-11-035. As such, the trial court could either accept Freeman's evidence as to the market value of Freeman's vehicle or it could accept Blosser's evidence as to the market value of Freeman's vehicle.
 {¶ 15} A review of the record in this case reveals that Freeman presented evidence from the Ohio Buyer's Guide that provided the price at which vehicles similar to Freeman's vehicle were being offered. Additionally, Blosser presented an Autosource Valuation which provided that the suggested retail market value of Freeman's vehicle was $1,550. Further, the Magistrate found that "the Autosource Valuation is reasonable and represents the worth of [Freeman's vehicle]." (Magistrate's Decision p. 2).
 {¶ 16} In addition to the evidence providing the market value of Freeman's vehicle, both Freeman and Blosser presented evidence regarding the amount it would cost to repair Freeman's vehicle. As noted above, Freeman provided two estimates, one in the amount of approximately $1,916 from Wingate Body Shop and one in the amount of approximately $1,483 from Car Craft Collision, while Blosser provided one estimate in the amount of $1,606.09.
 {¶ 17} However, as noted above, under Ohio law, an award for the cost of repairs may not exceed the market value of the property immediately prior to the damage. Falter,169 Ohio St. at 240. Therefore, assuming that the trial court found either Freeman's higher estimate or Blosser's estimate to be credible, those estimates would be limited to what the trial court determined to be the fair market value of Freeman's vehicle prior to the accident. In this case, the trial court determined that the fair market value of Freeman's vehicle prior to the accident was $1,550.
 {¶ 18} Therefore, under Falter, Freeman's judgment should have been limited to that amount. Nevertheless, we recognize that the trial court awarded Freeman the right to retain the title of Freeman's vehicle in addition to the judgment for $1,550. However, Blosser has not raised this issue as a cross-assignment of error, and we refrain from ruling on it.
 {¶ 19} Accordingly, we cannot find that the trial court erred in its judgment and overrule Freeman's first and second assignments of error.
 {¶ 20} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Shaw and Cupp, JJ., concur.
[1] American Family Insurance is Blosser's insurance carrier concerning this matter.
[2] According to Ms. Houdeshell's testimony, an Autosource Valuation is prepared by a company and provides an estimated market value for the vehicle in question as well as the price of comparable vehicles with similar mileage, options, and condition that are for sale in the surrounding area.