RAKICH, Appellant,

v.

ANTHEM BLUE CROSS & BLUE SHIELD et al., Appellees.

[Cite as *Rakich v. Anthem Blue Cross & Blue Shield,*
172 Ohio App.3d 523, 2007-Ohio-3739.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 06AP–1067.

Decided July 24, 2007.

524

Smith, Phillips & Assoc., Janet L. Phillips, and Scott Elliott Smith, for appellant.

Tina Taylor Pecuszok, for appellees.

FRENCH, Judge.

{¶ 1} Plaintiff-appellant, Cheryl Rakich, appeals from the final judgment of the Franklin County Court of Common Pleas dismissing her claims against defendants-appellees, Erica M. Kanoski and John E. Kanoski, and incorporating the prior interlocutory judgment denying appellant's motion for summary judgment and granting appellees' motion for summary judgment. Because the trial court erred in ruling on the parties' motions for summary judgment, we reverse.

{¶ 2} On March 31, 2005, appellant and her husband, Duke Rakich (collectively, "plaintiffs"), filed the instant action against Anthem Blue Cross and Blue Shield, appellees, and various John Does, alleging claims arising out of an automobile collision that occurred on April 13, 2004. In the complaint, appellant asserted a claim for personal injury against appellees and a claim for declaratory judgment regarding subrogation rights against Anthem Blue Cross and Blue Shield, her medical insurer.[1] As part of her claim against appellees, appellant alleged:

As a direct and proximate result of the Defendant's negligent acts, [appellant] incurred undetermined miscellaneous expenses in the past and expects to incur miscellaneous expenses into the future including but not limit[ed] to property damage diminutive value to the vehicle involved in the collision.

The complaint also included Duke Rakich's claim against appellees for loss of consortium.

{¶ 3} On December 27, 2005, plaintiffs moved for summary judgment on the issue of liability. The trial court granted the plaintiffs' unopposed motion for summary judgment on liability on May 16, 2006.

{¶ 4} On April 4, 2006, the trial court conducted a status conference and ordered the plaintiffs to file a motion for partial summary judgment regarding the availability of a claim for the diminished value of their vehicle after it was repaired on or before May 26, 2006. According to plaintiffs, the parties and the trial court agreed that the motion would address only whether such a claim exists

---

1. Appellant dismissed her claims against Anthem Blue Cross and Blue Shield without prejudice, pursuant to Civ.R. 41(A)(1), on August 1, 2005.

in Ohio. On April 13, 2006, plaintiffs filed their motion for summary judgment regarding their right to assert a claim for the diminished value of their vehicle after it was repaired. On April 20, 2006, appellees filed a combined memorandum in opposition to plaintiffs' motion for summary judgment and in support of their own motion for summary judgment regarding the availability of a claim for diminished value. The parties fully briefed both motions for summary judgment.

{¶ 5} On August 7, 2006, the trial court issued a decision and entry denying plaintiffs' motion for summary judgment and granting appellees' motion for summary judgment regarding the availability of a claim for the postrepair diminished value of plaintiffs' vehicle. The trial court concluded that Ohio law provides two exclusive and alternative methods to calculate property damages: diminution of value and cost of repairs. Because plaintiffs had already recovered the cost of repairs to their vehicle, the trial court concluded that "plaintiffs cannot present evidence of the future lesser resale value of their vehicle in order to establish their property damage."

{¶ 6} On September 25, 2006, the trial court entered final judgment dismissing plaintiffs' claims with prejudice. Appellant filed a timely notice of appeal and now asserts the following single assignment of error:

> The trial court erred in holding that plaintiff appellant was not entitled to present evidence on the diminished value of her automobile, which was damaged by the defendant's negligence.

In her assignment of error, appellant challenges the trial court's ruling on the parties' motions for summary judgment regarding the availability of a claim for the diminished value of her automobile. Specifically, appellant challenges the trial court's legal conclusion that she was, as a matter of law, prohibited from obtaining property damages for the postrepair diminished value of her vehicle, as a result of its having been involved in a collision, in addition to recovering the cost of repairs.

{¶ 7} Appellate review of summary judgments is de novo. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, citing *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153. When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765; *Brown* at 711, 622 N.E.2d 1153. Summary judgment is appropriate only when (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v.*

*Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. When, as here, the propriety of the trial court's grant of summary judgment involves only questions of law, a reviewing court has complete and independent authority. *Am. Motorists Ins. Co. v. Olin Hunt Specialty Prod., Inc.* (Sept. 20, 2001), Franklin App. No. 00AP–1313, 2001 WL 1098013, citing *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

{¶ 8} The rules controlling recovery of compensatory damages to personal property generally apply to cases involving damage to vehicles. *Maloney v. Gen. Tire Sales, Inc.* (1973), 34 Ohio App.2d 177, 183, 63 O.O.2d 289, 296 N.E.2d 831. Thus, we remain mindful that in a tort action, the measure of damages is that which will make the injured party whole. *Corwin v. St. Anthony Med. Ctr.* (1992), 80 Ohio App.3d 836, 840, 610 N.E.2d 1155, citing *Pryor v. Webber* (1970), 23 Ohio St.2d 104, 52 O.O.2d 395, 263 N.E.2d 235.

{¶ 9} With respect to a party's right to recover for damage to his or her vehicle caused by the negligence of another, Ohio courts have provided specific guidance. The Ohio Supreme Court set forth the general rule for calculating such damages in *Falter v. Toledo* (1959), 169 Ohio St. 238, 8 O.O.2d 226, 158 N.E.2d 893. There, the Supreme Court held that "the owner of a damaged motor vehicle may recover the difference between its market value immediately before and immediately after the collision." Id. at paragraph one of the syllabus. This is the preferred method of computing damages. *Erie Ins. Co. v. Howard,* Summit App. No. 21999, 2004-Ohio-5171, 2004 WL 2244489, at ¶ 14. When a vehicle is damaged only to such an extent that it is reparable within a reasonable time, the owner may also recover for the loss of use of the vehicle for the reasonable time necessary to make the repairs. *Hayes Freight Lines v. Tarver* (1947), 148 Ohio St. 82, 35 O.O. 60, 73 N.E.2d 192, paragraph two of the syllabus. When a vehicle cannot be repaired, the general rule is that the owner may recover the difference between the market value of the vehicle immediately before the damage and the salvage value of the wreckage. *Maloney,* 34 Ohio App.2d at 184, 63 O.O.2d 289, 296 N.E.2d 831.

{¶ 10} In *Falter,* the Supreme Court considered a procedural question of pleading relating to the plaintiffs' claim for damage to their automobile. The plaintiffs had alleged the reasonable costs to repair their damaged automobile, stating that that amount represented the depreciation in the reasonable value of the automobile as a result of a collision. The trial court denied the defendants' motion to strike the plaintiffs' allegation regarding the costs of repair and entered judgment in favor of the plaintiffs. On appeal, the defendants argued that the plaintiffs were required to allege the difference between the market value of their vehicle immediately before and after the collision and not the cost of repairs. Noting the plaintiffs' allegation that the cost of repairs equaled the depreciation

of their vehicle as a result of the collision, the Supreme Court found that it was not erroneous for the plaintiffs to plead the reasonable cost of repairs, stating:

Of course it was not necessary to do so since it would have been sufficient for the plaintiffs to allege the difference in the market value before and after the collision. But it clearly was proper for the plaintiffs to allege, prove and recover the reasonable cost of repairs, provided that such cost did not exceed the difference in market value before and after the collision.

*Falter*, 169 Ohio St. at 240, 8 O.O.2d 226, 158 N.E.2d 893. Thus, while approving the pleading of the cost of repairs as a means of establishing damage to an automobile, the Supreme Court limited recovery based on the cost of repairs to the difference in market value before and after the collision to prevent the plaintiffs from benefiting from their loss. Id., citing *Gass v. Agate Ice Cream, Inc.* (1934), 264 N.Y. 141, 190 N.E. 323, 324 (holding that because a plaintiff recovers the reasonable market value of his vehicle immediately before the accident when the vehicle is totally destroyed, he may not recover a greater amount for mere repairs).

{¶ 11} When proving damages to a vehicle with evidence of the cost of repairs, the plaintiff is ordinarily also required to present evidence of the market value of the vehicle before and after the accident so that the court may ensure that the cost of repairs does not exceed the difference in market value. In *Allstate Ins. Co. v. Reep* (1982), 7 Ohio App.3d 90, 91, 7 OBR 104, 454 N.E.2d 580, this court reviewed the Franklin County Municipal Court's dismissal of the plaintiffs' complaint for failing to mitigate their damages and held, with respect to the calculation of property damages resulting from an automobile collision:

While the usual measure of damages in a case such as this would be the difference between the fair market value of the car before and after the accident, an alternative method—the cost of repair—is an acceptable measure of damages if the cost of repair does not exceed the amount of damages that would be arrived at using the primary measure of damages. In other words, the cost of repair must not exceed the diminution in market value. Nor may the cost of repair exceed the fair market value of the property before the accident. *Newark Gardens, Inc. v. Royal Globe Insurance Co., Inc.* (Feb. 11, 1982), Franklin App. No. 81AP–618 [1982 WL 3905], unreported.

The record in *Allstate* contained only evidence regarding the cost of repairs, introduced without objection to the absence of evidence of diminution in market value of the plaintiffs' vehicle. This court held that the defendant waived any objection to the absence of such evidence and determined that the plaintiffs were entitled to judgment for the full amount of the cost of repairs.

{¶ 12} Despite this court's acknowledgment in *Allstate* that an objection to the absence of market-value evidence may be waived, this court has subsequently

affirmed the requirement of such evidence in damage determinations. In *Auto Owners Ins. Co. v. Santilli* (Jan. 23, 1996), Franklin App. No. 95APG06–771, 1996 WL 38261, this court affirmed the trial court's finding that the plaintiffs failed to prove the damage element of their property-damage claim where they presented evidence of the cost to repair their vehicle but not of the market value of the vehicle immediately before the accident. Noting that under *Allstate,* a plaintiff must prove that the cost of repair was less than the vehicle's market value prior to the accident, we held that "[s]ince plaintiffs offered no evidence to establish that the cost to repair * * * the vehicle was less than the market value of the vehicle immediately before defendant's collision, we cannot say that the trial court erred in finding that plaintiffs did not prove the damages element of their claim." See, also, *Reasoner v. State Farm Mut. Auto. Ins. Co.,* Franklin App. No. 01AP–490, 2002-Ohio-878, 2002 WL 338133 (stating that under the cost-of-repairs method for calculating damages, the plaintiff must still present proof of the value of the vehicle immediately before the event that caused the damage being repaired).

{¶ 13} Appellees argue and the trial court held that diminution in value and cost of repairs are separate, exclusive, and alternative methods to calculate damages to an automobile. We agree with appellees that a plaintiff may not recover both the cost of repairs to her vehicle and the difference in the market value of the vehicle immediately before and immediately after the accident. A damage award comprising both the difference in a vehicle's market value immediately before and after the accident and the reasonable cost of repairs presents a classic example of double recovery because those measures of damages overlap. See *Am. Serv. Ctr. Assoc. v. Helton* (D.C.App.2005), 867 A.2d 235, 242. Diminution in market value subsumes the cost of repair. To permit recovery of both measures of damages would overcompensate the plaintiff for his or her loss. The Ohio Supreme Court was careful to preclude that result in *Falter* by limiting the recoverable cost of repairs to the difference in market value of the vehicle immediately before and immediately after the accident. In *Allstate,* this court also limited the recoverable cost of repairs to the market value of the vehicle before the accident to prevent plaintiffs from benefiting from the loss.

{¶ 14} Our agreement with appellees that appellant, having recouped the cost of repairs to her vehicle, may not now recover the difference between the market value of her vehicle immediately before and after the accident, however, does not resolve the legal question presented by this case. Appellant does not seek an additional award of the difference between the market value of her vehicle immediately before and after the accident but, rather, contends that the cost of repairs did not fully compensate her for the loss caused by appellees' negligence. Specifically, appellant contends that her vehicle, as repaired, has a value less than

its preaccident market value. Thus, appellant asserts that she is entitled to recover the difference between the market value of her automobile immediately before the accident and the market value of her vehicle immediately after its repair. We refer to such damages as "residual diminution in value." Unlike the gross diminution in value that Ohio courts have recognized as the preferred method of calculating damages to a motor vehicle, the residual diminution in value, realized because of a vehicle's involvement in a collision, does not overlap the cost of repairs, "because it is calculated based on a comparison of the value of the property before the injury and *after* repairs are made, *i.e.*, excluding injury compensated by damages for the cost of repair." (Emphasis sic.) *Helton*, 867 A.2d at 242. Neither the parties' briefs nor our research reveals any Ohio case that has addressed whether a plaintiff who, in a case like this, recovers the cost of repairs is limited to those costs to the exclusion of a claim for residual diminution in value when it can be shown that the repairs were insufficient to restore the vehicle to its precollision value.

{¶ 15} The Restatement of the Law 2d, Torts (1979) 543, Section 928, acknowledges the appropriateness of a damage award for residual diminution in value:

When one is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for

(a) the difference between the value of the chattel before the harm and the value after the harm or, at his election in an appropriate case, the reasonable cost of repair or restoration, *with due allowance for any difference between the original value and the value after repairs * * *.

(Emphasis added.) See, also, Annotation, *Measure of Damages for Destruction of or Damage to Automobile Other Than Commercial Vehicle* (1947), 169 A.L.R. 1100, 1112, 1947 WL 55151 ("If, as often happens, repairs cannot restore the original value of the automobile, it is obvious that if the plaintiff is to be fully compensated for the injury done him, his recovery must not be limited to the cost of the repairs made. In this situation it has been held that the measure of damages is the cost of repair plus the difference between the value of the car after the repair and its value before the injury, that is, the cost of repairs plus the amount of depreciation in value of the automobile as repaired").

{¶ 16} In *Helton*, the District of Columbia Court of Appeals faced a scenario nearly identical to that now before this court and under case precedent nearly identical to that presented by *Falter* and *Allstate* in Ohio. There, the owner of a vehicle damaged in a collision recovered the cost of repairs but subsequently filed suit seeking compensation for the residual diminution in value of the vehicle after repair. The trial court granted summary judgment in favor of the defendant, concluding that D.C. law provided for two alternative standards for calculating damages and that the plaintiff had already been compensated by one of those

methods, the cost of repairs. The trial court relied on *Knox v. Akowskey* (D.C.App.1955), 116 A.2d 406, in which the District of Columbia Court of Appeals held that the basic measure of damages for partial destruction of a vehicle is the difference between the value of the vehicle before and after the injury and that an alternative measure of damages was the reasonable cost of repairs necessary to restore the vehicle to its former condition. The court of appeals stated the issue before it in *Helton* as "whether the pre-litigation payment of the reasonable cost of repair extinguished [the plaintiff's] damages claim for residual diminution in worth as a matter of law." *Helton*, 867 A.2d at 240.

{¶ 17} The *Helton* court concluded that nothing in its prior decisions explicating the alternative methods of calculating damages foreclosed a plaintiff's recovery of residual diminution in value upon a showing that repair is insufficient to restore the vehicle to its preaccident value. Noting that the purpose of a damage award is to make the injured party whole again, the court stated that for certain property, repair will achieve this goal, and recovery of the cost of repairs will suffice. However, the court went on to acknowledge that "for some property, the additional recovery for residual diminution in worth is necessary to make the injured party whole." Id., 867 A.2d at 242–243. The court explained:

> If the [chattel] is completely destroyed, the plaintiff receives the market value. To be consistent, the plaintiff should be put in the same position when his injured vehicle is repairable; he should have a vehicle of the same market value. If the repaired vehicle does not have the same market value, the plaintiff should receive additional damages. To do otherwise would put the plaintiff in a different position depending on whether the vehicle was partially or completely destroyed.

Id. at 243, citing *Fred Frederick Motors, Inc. v. Krause* (1971), 12 Md.App. 62, 277 A.2d 464, 466. Accordingly, the court held that "when a plaintiff can prove that the value of an injured chattel after repair is less than the chattel's worth before the injury, recovery may be had for both the reasonable cost of repair and the residual diminution in value after repair, provided that the award does not exceed the gross diminution in value." *Helton*, 867 A.2d at 243.

{¶ 18} In addition to the District of Columbia, other jurisdictions that have considered the availability of damages for residual diminution in value in addition to the cost of repair have overwhelmingly permitted recovery of such damages. See, e.g., *Farmers Ins. Co. of Arizona v. R.B.L. Invest. Co.* (1983), 138 Ariz. 562, 675 P.2d 1381, 1383; *Airborne, Inc. v. Denver Air Ctr., Inc.* (Colo.App.1992), 832 P.2d 1086, 1092; *McHale v. Farm Bur. Mut. Ins. Co.* (Fla.App.1982), 409 So.2d 238, 239; *Papenheim v. Lovell* (Iowa 1995), 530 N.W.2d 668, 672; *Gary v. Allstate Ins. Co.* (La.App.1971), 250 So.2d 168, 169; *Thomas v. Global Boat Builders & Repairmen, Inc.* (Miss.1986), 482 So.2d 1112, 1115; *Fanfarillo v. E.*

*End Motor Co.* (1980), 172 N.J.Super. 309, 411 A.2d 1167, 1169; *Brennen v. Aston* (Okla.2003), 84 P.3d 99, 102; *Newman v. Brown* (1955), 228 S.C. 472, 90 S.E.2d 649, 652; *Averett v. Shircliff* (1977), 218 Va. 202, 237 S.E.2d 92, 96; *Ellis v. King* (1990), 184 W.Va. 227, 400 S.E.2d 235, 238.

 {¶ 19} We find the reasoning of the District of Columbia court in *Helton* persuasive. Like the court found in *Helton,* we find nothing in Ohio precedent, including *Falter* or *Allstate,* that forecloses a plaintiff's recovery of residual diminution in value in addition to the cost of repairs, provided that the plaintiff proves that the damages for the cost of repairs did not fully compensate for the loss occasioned by the defendant's negligence. In fact, some Ohio courts have recognized that the cost of repairs may not indicate the actual damage to a vehicle. See *Velazco v. Kesner* (July 13, 1990), Allen App. No. 1–88–55, 1990 WL 97659, quoting *Am. Gypsum Co. v. Lake Shore & M.S. Ry. Co.* (1917), 7 Ohio App. 145, 153 (" 'It is manifest that in some cases, cars after being thoroughly repaired might be less valuable, or might be more valuable, than before they suffered damage, and this clearly shows that the reasonable value of the repairs may not indicate the actual damage' "). Under the general principle that an injured party should have sufficient compensation for the injuries to make him whole, we find that when a plaintiff proves that the value of his automobile after repair is less than the preinjury value of the automobile, the plaintiff may recover the residual diminution in value in addition to the cost of repair, provided that the plaintiff may not recover damages in excess of the difference between the market value of the automobile immediately before and immediately after the injury.

 {¶ 20} Before concluding, we first address appellees' remaining arguments against appellant's claim for residual diminution in value. Appellees argue that Ohio law does not recognize as compensable damages the loss of potential resale value because that loss is speculative. While appellees are correct that damages must be shown with reasonable certainty and may not be based upon mere speculation or conjecture, *Corwin,* 80 Ohio App.3d at 841, 610 N.E.2d 1155, citing *Wagenheim v. Alexander Grant & Co.* (1983), 19 Ohio App.3d 7, 17, 19 OBR 71, 482 N.E.2d 955, appellees mischaracterize the damages appellant seeks. Appellant is not seeking compensation for loss of future potential resale value of her vehicle. Rather, appellant seeks compensation for the immediate loss in the market value of her vehicle not compensated through the cost of repairs. The market value of appellant's vehicle immediately following its repair is no more speculative than the market value of the vehicle immediately before or immediately after the collision, and courts routinely require evidence of those values. Accordingly, we reject appellees' argument that a claim for residual diminution of value invites a damage award based on mere speculation.

{¶ 21} Appellees also argue that Ohio has built into its accepted property-damage calculations a means of preventing windfalls to plaintiffs. In support of their argument, appellees cite the Third District Court of Appeals' opinion in *Freeman v. Blosser*, Hancock App. No. 5–06–06, 2006-Ohio-5386, 2006 WL 2935393. There, the plaintiff sued for damages to his automobile caused by a collision with the defendant's automobile. The plaintiff submitted evidence of two repair estimates, one for approximately $1,916 and another for approximately $1,483. The defendant's insurance adjuster estimated the cost of repairs to be $1,606.09 and testified that the suggested retail market value of the plaintiff's vehicle was $1,550. The trial court awarded the plaintiff damages in the amount of $1,550, finding that amount to be the reasonable market value of the plaintiff's vehicle before the accident. In its review of the trial court's damage award, the Third District stated that "if the value of [the plaintiff's] vehicle exceeded the cost of repairs, [the plaintiff] would be entitled to the cost of repairs. However, if the value of [the plaintiff's] vehicle was less than the cost of repairs, [the plaintiff] would be entitled to the value of his vehicle." Id. at ¶ 13. The Third District affirmed the trial court's award of damages equal to the market value of the plaintiff's vehicle, stating that under *Falter*, the plaintiff's judgment should have been limited to that amount. We agree with appellees that the limitation of damages to the market value of the vehicle immediately before the accident prevents windfalls to plaintiffs. However, just as a plaintiff recovering solely the cost of repairs may not recover damages in excess of the difference between the market value of the vehicle immediately before and after the accident, neither may a plaintiff recovering both the cost of repairs and the residual diminution in value be entitled to recover damages in excess of that difference. Therefore, recovery of residual diminution in value does no harm to the established means of preventing plaintiffs from benefiting by means of a windfall recovery.

{¶ 22} Lastly, appellees contend that recognition of a claim for residual diminution in value as a result of a vehicle's involvement in an accident would promote increased litigation of property-damage claims, requiring each party to hire an expert to testify regarding the effect of an accident on the vehicle. We disagree. Because evidence of a vehicle's value immediately before and after an accident is already required, we foresee no additional burdens on the parties of presenting evidence of a vehicle's market value after it is repaired.

{¶ 23} Upon review, we conclude that the trial court erred in concluding that damages for residual diminution in value in excess of the cost of repairs are unavailable as a matter of law in Ohio and in prohibiting appellant from presenting evidence that the repairs to her vehicle did not adequately compensate her for the loss of value to her vehicle caused by appellees' negligence. None of the precedent cited by appellees prohibits such evidence or an award of such

damages, which may be necessary, in some cases, to make a plaintiff whole. Because the trial court denied appellant's motion for summary judgment and granted appellees' motion for summary judgment based solely on its conclusion that Ohio law does not provide for recovery of residual diminution in value, the trial court erred. We note, however, that while appellant is entitled to present evidence of the market value of her vehicle after repairs, it remains for the trier of fact to determine the amount of damages to which appellant is entitled. Moreover, a reviewing court will not disturb a trial court's determination of damages absent an abuse of discretion. *Reida v. Thermal Seal, Inc.,* Franklin App. No. 02AP–308, 2002-Ohio-6968, 2002 WL 31819831, at ¶ 36. Thus, despite our conclusion that the trial court erred in prohibiting appellant from proceeding with her claim for residual diminution in value of her vehicle, we offer no opinion on whether appellant is ultimately entitled to damages for the alleged difference in the market value of her vehicle immediately before the accident and immediately after its repair. That question remains for the trier of fact.

{¶ 24} For the aforestated reasons, we sustain appellant's assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand this matter for further proceedings consistent with this opinion and the law.

Judgment reversed
and cause remanded.

BROWN and TYACK, JJ., concur.