[Cite as *Avis Rent-A-Car System, L.L.C. v. Atkinson*, 2012-Ohio-4921.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| AVIS RENT-A-CAR SYSTEM, LLC | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| DAVID R. ATKINSON | : | Case No. 12-CA-15 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 10CV1095


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 October 22, 2012


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MARC J. KESSLER                           BELINDA S. BARNES
65 East State Street                      471 East Broad Street
Suite 1400                                19th Floor
Columbus, OH  43215                       Columbus, OH  43215

*Farmer, J.*

{¶1}    On September 14, 2009, appellant, David Atkinson rear-ended a rental vehicle owned by appellee, Avis Rent-A-Car System, LLC.   The vehicle sustained structural damage and as a result, was sold at auction in its unrepaired state.

{¶2}    On July 13, 2010, appellee filed a complaint against appellant for damages incurred from the accident.  On November 23, 2011, the parties entered into a stipulation of liability and certain damage amounts.   The stipulation stated the fair market value of the vehicle prior to the accident was $16,336.49.   Appellee sold the vehicle for $9,800.00 and, after paying an auctioneer's fee of $185.00, collected $9,615.00 for the sale of the vehicle.  Appellee also sought damages for the loss of the use of the vehicle ($512.40) and administrative expenses ($150.00).   The latter damages were not included in the stipulation.

{¶3}    On November 28, 2011, appellee filed a motion for summary judgment. By decision and order filed January 19, 2012, the trial court granted the motion and awarded appellee the loss of the fair market value of the vehicle ($6,536.49).   A final judgment entry was filed on February 8, 2012 wherein the trial court increased the award to $6,721.49 to include the $185.00 auctioneer's fee.

{¶4}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶5}   "THE  TRIAL  COURT  ERRED  WHEN  IT  GRANTED  SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE AVIS RENT-A-CAR SYSTEM, LLC BECAUSE QUESTIONS OF FACT EXIST AS TO THE AMOUNT OF COMPENSATION

OWED FOR A DAMAGED VEHICLE THAT IS CAPABLE OF BEING REPAIRED, BUT IS ELECTIVELY SOLD AT A SPECIALTY AUCTION."

I

{¶6}  Appellant claims the trial court erred in granting summary judgment to appellee as genuine issues of material fact existed.  Appellant claims the trial court used an incorrect valuation to access damages.  We disagree.

{¶7}  Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶8}  "Civ.R. 56(C)  provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶9}  As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.  *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶10}  By decision and order filed January 19, 2012 and final judgment entry filed February 8, 2012, the trial court granted summary judgment to appellee and awarded appellee $6,721.49 as against appellant.  The trial court adopted appellee's position relative to damages as set forth in the affidavit of Veronica Weston, appellee's Director of Vehicle Damage Claims, attached to its November 28, 2011 motion for summary judgment as Exhibit 1:

7. The fair market value of the Chevrolet immediately prior to the accident has been stipulated to be $16,336.49.

8. It has been further stipulated by the parties that on or about October 15, 2009, the Chevrolet was sold at an auction for $9,800.00.

9. The sale was a commercially reasonable arm's-length transaction where the buyer of the vehicle was not affiliated with or related to Avis.

10. The auctioneer, Manheim of Cincinnati, charged Avis $185.00 in fees and Avis received $9,615.00 from the sale of the vehicle.

14. Mr. Atkinson refuses to pay the claim because he is calculating damages by the repair cost and requesting a repair cost discount that Avis does not receive when the car is sold and not repaired.  Avis merely wants to be placed into the position it would have been had the accident not occurred.  This cannot happen where Mr. Atkinson claims a discount for repairs that are never made.  We understand our damages to be the difference between the fair market value of the vehicle immediately before and immediately after the accident.

{¶11} The stipulation entered into by the parties on November 23, 2011 stated the vehicle in question was valued at $16,336.49 prior to the accident and the amount netted to appellee after the auction was $9,615.00.

{¶12} In his brief at 6-7, appellant states there are two methods of calculating the damage: the difference in the fair market value of the vehicle before and after the accident which the trial court used, and the cost of repair which appellant argues is the true measure of damages. Appellant argues using the values before and after the accident was incorrect in this case because the subject vehicle was not a total loss and could have been repaired. Weston depo. at 119. Appellee argues because the vehicle sustained structural damage and had to be removed from its fleet of rental cars, the appropriate measure of damages is diminution in value and incidental fees and costs.

{¶13} Undisputed by appellee is the fact that as a rental car company, it has a policy of not repairing and returning significantly damaged vehicles to its fleet. Weston aff. at ¶3-6. Appellee sold the subject vehicle per that policy and claimed the amount of diminution in value as damages.

{¶14} Appellant also argues the auction was not an open market sale, but a distressed sale. Appellant relies on the argument that a dealer only auction is somehow not the open market. The affidavits filed with appellee's motion for summary judgment state the sale was an open market transaction. Weston aff. at ¶6 and 9; Spaulding aff. at ¶1-4. Appellant also argues appellee failed to mitigate damages in choosing a wholesale auction.

{¶15} Although appellant's arguments are valid in certain situations, appellee presented undisputed testimony as to why the cost of repairs to the vehicle was not the

appropriate measure of damages. As a rental car company, appellee is entitled to be made whole as a result of appellant's negligence. "[T]he measure of damages is that which will make the injured party whole." *Rakich v. Anthem Blue Cross & Blue Shield,* 172 Ohio App.3d 523, 2007-Ohio-3739, ¶ 8. When damaged vehicles of the nature as the vehicle sub judice are not repaired, the alternative method of fair market value before and after the accident is appropriate. "This is the preferred method of computing damages." *Erie Insurance Co. v. Howard,* 9th Dist. No. 21999, 2004-Ohio-5171, ¶ 4.

{¶16} Despite appellant's argument that the wholesale auction was not an open market transaction, appellant offered no evidentiary quality materials to support the argument.

{¶17} Upon review, we find the trial court did not err in granting summary judgment to appellee and accepting the diminution in value amount for damages.

{¶18} The sole assignment of error is denied.

{¶19} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. concurs and

Hoffman, J. dissents.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

_____

SGF/sg 910                                                    JUDGES

*Hoffman, J., dissenting*

{¶20}  I respectfully dissent from the majority opinion.

{¶21}  While I agree with most of the majority's analysis, I disagree with its conclusion the wholesale auction constituted an open market transaction sufficient to establish the vehicle's fair market value after the accident.  I find this damage determination insufficient as a matter of law and, as such, did not require Appellant to offer evidentiary materials to establish an alternative value.  The burden to prove the vehicle's "fair market value" is upon Appellee.

 

 

 

_____

HON. WILLIAM B. HOFFMAN

[Cite as *Avis Rent-A-Car System, L.L.C. v. Atkinson*, 2012-Ohio-4921.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

AVIS RENT-A-CAR SYSTEM, LLC  :
             :
  Plaintiff-Appellee     :
             :
-vs-           :    JUDGMENT ENTRY
             :
DAVID R. ATKINSON     :
             :
  Defendant-Appellant   :    CASE NO. 12-CA-15

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

_s/ W. Scott Gwin_____

_____

JUDGES