[Cite as *Ware v. Ohio Dept. of Rehab. & Corr.*, 2018-Ohio-3152.]

| | |
|---|---|
| KIMANI WARE | Case No. 2017-00545JD |
| Plaintiff | Magistrate Gary Peterson |
| v. | <u>DECISION OF THE MAGISTRATE</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Plaintiff, an inmate in the custody and control of defendant, Ohio Department of Rehabilitation and Correction (DRC), brought this action for negligence. According to the complaint, an employee of DRC negligently discharged a pepper ball from a pepper ball gun, striking plaintiff in the leg. The court granted plaintiff's motion for summary judgment, finding that "defendant owed plaintiff a duty and breached that duty by accidentally discharging a pepper ball from a TAC-700, striking plaintiff in the leg. The court also finds that plaintiff suffered some injury; however, the nature and extent of the injury remains in dispute." Entry Granting Plaintiff's Motion for Summary Judgment, pgs. 4-5. The case proceeded to trial on the issue of damages to determine the nature and extent of the harm proximately caused by DRC's negligence.

{¶2} At trial, plaintiff testified that on April 6, 2017, he was struck in the left calf by a pepper ball. Plaintiff stated that following the incident, he received medical treatment in the form of 600 milligrams of ibuprofen for a period of two weeks. Plaintiff maintained that he thereafter struggled sleeping and had "throbbing" pain in his leg. Plaintiff added that he no longer participates in activities that he previously enjoyed such as sports, walking around the track, working out, and basketball. Plaintiff reported that he feels traumatized whenever he sees a pepper ball gun. Plaintiff reported that at the time of trial, he continues to struggle sleeping and seeks shelter whenever he sees a pepper ball launcher. Plaintiff stated that he sought medical treatment on six occasions

because of the pain he was experiencing. Plaintiff asserted that he lost his job assignment in food service due to the injury. Plaintiff testified that as of the date of the trial, he is still dealing with the effects that he mentioned. Plaintiff opined that his injuries totaled $100,000.

{¶3} Valentino DiVieste testified that he is employed at the Trumbull Correctional Institution as a correctional lieutenant where his duties include, among other things, responsibility for the pepper spray devises. DiVieste stated that the only difference between a pepper ball launcher and a paintball gun is the size of the ball used. DiVieste explained that the pepper ball is filled with a powder that disintegrates upon impact and that the launcher is not designed to cause any long-lasting harm.

{¶4} DiVieste testified that he was present for the incident involving plaintiff. DiVieste stated that the launcher was being passed from one officer to another when it discharged two or three times. DiVieste checked to see if anyone was hurt and learned that plaintiff was hit in the leg. DiVieste stated that video footage captures the moments before and after plaintiff is struck with a pepper ball. (Defendant's Exhibit A). DiVieste identified the people seen on the video footage and noted the moment the launcher is discharged and the moment plaintiff is first seen on the video. DiVieste reported that plaintiff was walking under his own power after the incident and that he subsequently escorted plaintiff to medical for an anatomical examination. DiVieste also identified a photograph that was taken shortly after the incident that shows plaintiff's leg with a bruise on the calf. (Defendant's Exhibit B). DiVieste stated that he did not notice any other problems with plaintiff's leg during the escort.

{¶5} Ronnie Roberts testified that he is employed by defendant as a registered nurse and is responsible for providing medical care for the inmates. Roberts testified that he treated plaintiff for injuries on April 6, 2017, and completed a medical exam report. (Defendant's Exhibit C). Roberts documented a one-inch round abrasion to the left calf. Roberts treated plaintiff by providing ice for the calf, decontamination, and

ibuprofen for pain.  Roberts stated that plaintiff was not provided crutches, kept overnight, or scheduled to see an advanced level provider.

{¶6} Roberts saw plaintiff again on April 17, 2017.  Roberts noted discoloration of the injured area and that the lower leg was tender to the touch.  Roberts added that plaintiff had pain while bearing weight but that there was no swelling.  Roberts stated that he provided warm compresses to help with the tenderness and ibuprofen for pain.  Roberts testified that plaintiff was instructed to increase ambulation and that he did not have any restrictions on recreation.  Roberts stated that he wanted plaintiff to use his extremity. (Defendant's Exhibit D).

{¶7} Roberts testified that he again provided treatment to plaintiff on May 10, 2017.  Roberts stated that there was no swelling or bruising visible and that he instructed plaintiff to increase walking or jogging.  Roberts acknowledged that plaintiff continued to complain of pain and that he was referred to the doctor for a sick call appointment. (Defendant's Exhibit E).

{¶8} "In order to sustain an action for negligence, a plaintiff must show the existence of a duty owing from the defendant to the plaintiff or injured party, a breach of that duty, and that the breach was the proximate cause of resulting damages."  *Sparre v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 12AP-381, 2013-Ohio-4153, ¶ 9.  "'It is axiomatic that every plaintiff bears the burden of proving the nature and extent of his damages in order to be entitled to compensation.'"  *Jayashree Restaurants, LLC v. DDR PTC Outparcel LLC* , 10th Dist. Franklin No. 16AP-186, 2016-Ohio-5498, ¶ 13, quoting *Akro-Plastics v. Drake Indus.*, 115 Ohio App.3d 221, 226 (11th Dist.1996).  "As a general rule, the appropriate measure of damages in a tort action is the amount which will compensate and make the plaintiff whole."  *N. Coast Premier Soccer, LLC v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 12AP-589, 2013-Ohio-1677, ¶ 17.  "[D]amages must be shown with reasonable certainty and may not be based upon mere speculation

or conjecture * * *." *Rakich v. Anthem Blue Cross & Blue Shield*, 172 Ohio App.3d 523, 2007-Ohio-3739, ¶ 20 (10th Dist.).

{¶9} "Although a claimant may establish proximate cause through circumstantial evidence, 'there must be evidence of circumstances which will establish with some degree of certainty that the alleged negligent acts caused the injury.'" *Mills v. Best W. Springdale*, 10th Dist. Franklin No. 08AP-1022, 2009-Ohio-2901, ¶ 20, quoting *Woodworth v. New York Cent. RR. Co.*, 149 Ohio St. 543, 549 (1948). "It is well-established that when only speculation and conjecture is presented to establish proximate causation, the negligence claim has failed as a matter of law." *Harris v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 13AP-466, 2013-Ohio-5714, ¶ 15. "Generally, where an issue involves a question of scientific inquiry that is not within the knowledge of a layperson, expert testimony is required." *Id.* at ¶ 16, citing *Stacey v. Carnegie-Illinois Steel Corp.*, 156 Ohio St. 205 (1951). "Where complicated medical problems are at issue, testimony from a qualified expert is necessary to establish a proximate causal relationship between the incident and the injury." *Tunks v. Chrysler Group LLC*, 6th Dist. Lucas No. L-12-1297, 2013-Ohio-5183, ¶ 18.

{¶10} Upon review of the evidence, the magistrate finds that on April 6, 2017, plaintiff was struck in the leg with a pepper ball that was accidentally discharged from a pepper ball launcher. It has already been established that defendant owed plaintiff a duty and breached that duty. The magistrate further finds that plaintiff suffered bruising and swelling at the site of the impact. Plaintiff also suffered from pain caused by the impact that had a negative effect upon the quality of his life. The bruising and swelling were temporary in nature and resolved over the course of the next several weeks as noted in the medical records.

{¶11} Plaintiff argues that he continues to suffer from long-term pain, psychological trauma, and that he can no longer engage in physical activities in which he previously participated. However, plaintiff was not restricted in his physical activities

following the incident. Rather, plaintiff was encouraged to participate in activities and to use his extremity. Additionally, plaintiff was only provided medication for pain for a brief period of time following the incident. Plaintiff also offered no evidence that he ever sought mental health treatment related to this event. Moreover, the magistrate finds that following the incident, plaintiff was able to ambulate under his own power. DiVieste testified that plaintiff did not appear to have any difficulty walking and video footage of the incident does not show plaintiff having any difficulty walking.

{¶12} Furthermore, plaintiff did not present any expert testimony establishing the cause of any alleged long-term soft-tissue injury or pain that he may be experiencing. In short, plaintiff failed to prove that that the subjective long-term injuries of which he complains were proximately caused by being struck with a pepper ball. *See Argie v. Three Little Pigs, Ltd.,* 10th Dist. Franklin No. 11AP-437, 2012 Ohio 667, 2012 Ohio App. Lexis 570, ¶ 15 (Subjective, soft-tissue injuries, being internal and elusive and not observable, require expert testimony to establish causation). Additionally, while plaintiff offered some testimony about losing his prison job assignment after the incident, he did not establish an entitlement to recover for lost wages.

{¶13} Nevertheless, the magistrate recognizes that plaintiff was struck in the left calf by a pepper ball and that he suffered bruising, tenderness, swelling, and pain. Such injuries were temporary in nature and resolved over the course of the next several weeks. Plaintiff failed to establish the proximate cause of any long-term injuries that he claims to be experiencing. Therefore, the magistrate finds that plaintiff is entitled to recover $2,000 in damages, plus the $25 filing fee, for a total award of $2,025. Accordingly, it is recommended that judgment be entered for plaintiff in that amount.

{¶14} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first*

*objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

GARY PETERSON
Magistrate

**Filed July 16, 2018**
**Sent to S.C. Reporter 8/8/18**