[Cite as *Myers v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-4773.]

| | |
|---|---|
| CRAIG MYERS | Case No. 2019-00261JD |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Scott Sheets |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} On June 8, 2020, the magistrate issued a decision recommending judgment in favor of plaintiff. To date, defendant has not filed any objections. On June 22, 2020, plaintiff filed a motion for an extension of time to file objections to the magistrate's decision, pursuant to Civ.R. 53(D)(5). However, plaintiff subsequently filed a document captioned "Plaintiff's Objections to Magistrate's Decision" on June 22, 2020. Accordingly, plaintiff's June 22, 2020 motion for an extension of time to file objections is DENIED as moot, as plaintiff has already timely filed said objections.

{¶2} On a related matter, within said objections, plaintiff attempts to reserve "the right to amend these objections and to submit memoranda in support of the same prior to" August 14, 2020—the date plaintiff calculates that the objections are due pursuant to the Supreme Court's order tolling the time requirements established by all Supreme Court promulgated rules. Upon review of the Ohio Rules of Civil Procedure, the court finds no rule providing a party the right to amend objections once they have already been filed.

{¶3} Moreover, the court in its June 10, 2020 entry ordered that "any objections to the magistrate's decision shall be filed within *14 days* of the date of [the court's] entry." Although the Supreme Court did issue an entry tolling the time requirement for filing objections, section (G) of this order also provides, in relevant part, that a court may still issue orders "requiring parties to file documents by a specific due date if pertaining to a situation that requires immediate attention." *See 03/27/2020 Administrative*

*Actions*, 2020-Ohio-1166. Additionally, when a court issues an order, it "shall supersede the tolling provisions of [the Supreme Court's] order, unless otherwise noted in that specific order." *Id.* In its June 10, 2020 entry, the court found that "a deadline for filing any objections to the June 8, 2020 magistrate's decision" is a situation that "requires immediate attention." Consequently, the deadline for filing any objections was June 24, 2020. Accordingly, the court finds that plaintiff's June 22, 2020 objections were timely filed. For the reasons set forth below, the court adopts the magistrate's decisions as its own.

**Standard of Review**

{¶4} Civ.R. 53(D)(4)(b) provides that, "[w]hether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification." However, when a party files objections to a magistrate's decision, the court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues, and appropriately applied the law." Civ.R. 53(D)(4)(d).

{¶5} In reviewing the objections, the court does not act as an appellate court but rather conducts "a de novo review of the facts and conclusions in the magistrate's decision." *Ramsey v. Ramsey*, 10th Dist. Franklin No. 13AP-840, 2014-Ohio-1921, ¶ 17 (internal citations omitted). Objections "shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). They must be supported "by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if the transcript is not available." Civ.R. 53(D)(3)(b)(iii).

{¶6} Civ.R. 53(D)(3)(b)(iii) provides that "[t]he objecting party shall file the transcript or affidavit with the court within thirty days after filing objections." Plaintiff did not provide a transcript of the evidence to support his objections or an affidavit of evidence. Additionally, plaintiff did not seek leave of court to supplement objections in light of a subsequently prepared transcript or affidavit. *See* 2006 Staff Note,

Civ.R. 53(D)(3)(b)(iii) (an objecting party may "seek leave of court to supplement previously filed objections where the additional objections become apparent after a transcript has been prepared."). When an objecting party fails to properly support his objections with a transcript or affidavit, "the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions." *Triplett v. Warren Corr. Inst.*, 10th Dist. Franklin No. 12AP-728, 2013-Ohio-2743, ¶ 13. Accordingly, the court accepts the magistrate's factual findings as true, and restricts its consideration of plaintiff's objections to a review of the magistrate's legal conclusions.

**Factual Background**

{¶7} At all times relevant to this case, plaintiff was an inmate in the custody and control of ODRC at Allen-Oakwood Correctional Institution (AOCI). Complaint, ¶ 2. According to plaintiff, he informed ODRC's employees that his cellmate, Brock Daniels, among other inmates were going to attack him after plaintiff gave a corrections officer "a note detailing an event that took place in the cell unit," and the corrections officer read the note aloud in the presence of other inmates. *Id.* at ¶ 5-12. When plaintiff informed the corrections officer that he needed protection from this possible assault, the corrections officer told plaintiff that AOCI was "short staffed due to the holiday" and "he did not know what to do, due to the fact that it was the 4th of July." *Id.* at ¶ 6-9. Subsequently, plaintiff was attacked in his cell by Daniels. *Id.* at ¶ 16-22.

{¶8} Plaintiff filed a negligence action against ODRC, seeking damages for the injuries he incurred during the attack. The issues of liability and damages were not bifurcated, and the case proceeded to trial before a magistrate. Following the trial, the magistrate found that plaintiff proved his negligence claim by a preponderance of the evidence and recommended judgment in favor of plaintiff. However, the magistrate determined that plaintiff presented minimal evidence of damages. As a result, the magistrate valued plaintiff's injuries at $1,000.00.

{¶9} Plaintiff objected to the magistrate's decision, arguing that plaintiff was not given a fair and reasonable opportunity to present evidence on damages and, thus, the magistrate erred in valuing plaintiff's injuries at $1,000.00.

**Law and Analysis**

{¶10} Plaintiff's objections concern the magistrate's conclusion that plaintiff presented limited evidence of his injuries and whether the amount of damages awarded is reasonable.  To the extent plaintiff's objection disputes the magistrate's factual findings, the court is unable to consider the objection.  As noted above, plaintiff's failure to file a transcript or demonstrate that a transcript was unavailable requires the court to accept the magistrate's factual findings, including that the evidence plaintiff presented regarding damages was limited to witness testimony regarding plaintiff's injuries.

{¶11} Generally, "the appropriate measure of damages in a tort action is the amount which will compensate and make the plaintiff whole."  *N. Coast Premier Soccer, LLC v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 12AP-589, 2013-Ohio-1677, ¶ 17. However, it is well established "that every plaintiff bears the burden of proving the nature and extent of his damages in order to be entitled to compensation."  *Jayashree Restaurants, LLC v. DDR PTC Outparcel LLC*, 10th Dist. Franklin No. 16AP-186, 2016-Ohio-5498, ¶ 13 (internal quotation omitted).  Moreover, "damages must be shown with reasonable certainty and may not be based upon mere speculation or conjecture * * *." *Rakich v. Anthem Blue Cross & Blue Shield*, 172 Ohio App.3d 523, 2007-Ohio-3739, ¶ 20 (10th Dist.).

{¶12} Here, plaintiff does not dispute the magistrate's finding that there was minimal evidence presented to establish damages.  Instead, plaintiff argues it was unreasonable to expect him "to collect medical records" from health care providers while incarcerated and "to present expert medical testimony on damages" because plaintiff was a pro se inmate at trial and unskilled at the practice of law.  *See* Plaintiff's Objection

to Magistrate's Decision, p. 1. Upon review, the court finds that these arguments have no merit.

{¶13} The Ohio Rules of Civil Procedure are to be applied to effect just results, regardless of if one is represented by counsel. *See* Civ.R. 1(B). Although plaintiff was pro se at the time of trial, "the same rules, procedures and standards apply to one who appears pro se as apply to those litigants who are represented by counsel." *National City Bank v. Kessler*, 10th Dist. Franklin No. 03AP-312, 2003-Ohio-6938, ¶ 12. Moreover, the court is not required to give a litigant "extra consideration simply because he has chosen to exercise his right to represent himself." *Id.* To the contrary, "[i]f a court treats pro se litigants differently, it departs from its duty to be impartial and apply the law equally to all who appear before it." *Id.* Furthermore, even if it were more difficult for plaintiff to obtain access to his medical records by virtue of being an inmate, that does not relieve him of the obligation to present expert testimony regarding damages. *See Farmer v. Marion Corr. Inst.*, 10th Dist. Franklin No. 91AP-266, 1991 Ohio App. LEXIS 5616, 6 (Nov. 21, 1991) (holding that an inmate is subject to the same requirement regarding providing an affidavit of merit in a medical malpractice case as any other malpractice claimant despite the inmate's limited access to his medical records).

{¶14} Additionally, plaintiff argues the magistrate's valuation of damages is unreasonable. However, as discussed above, the lack of a transcript means the court cannot review the evidence itself or the nature and context of the magistrate's rulings valuing the evidence that was presented. Therefore, the court has no basis to find error with the magistrate's evidentiary rulings. *See Cargile v. Ohio Dept. of Adm. Servs.*, 10th Dist. Franklin No. 11AP-743, 2012-Ohio-2470, ¶ 15 (trial court did not err in overruling objections to evidentiary ruling when no transcript was provided); *In re Bunting*, 5th Dist. Delaware No. 99 CA F 03 012, 2000 Ohio App. LEXIS 130, 7 (Jan. 11, 2000) ("There was no way for the trial court to know what the Magistrate's rulings on the evidence

were without a transcript.").   Consequently, the court finds no basis to modify the magistrate's valuation of damages.  Therefore, plaintiff's objection is OVERRULED.

**Conclusion**

{¶15} For the reasons set forth above, the court finds the magistrate properly determined the factual issues and appropriately applied the law in this case.  Therefore, plaintiff's objection is OVERRULED.   Accordingly, the court adopts the magistrate's decision and recommendation as its own, including all findings of fact and conclusions of law.   Judgment is rendered in favor of plaintiff in the amount of $1,000.00.   Court costs are assessed against defendant.   The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed August 3, 2020**
**Sent to S.C. Reporter 10/2/20**